ORANGE COUNTY.—HON. GILBERT O. HULSE, SURROGATE.
April, 1870.

## SIMPSON'S WILL.

*In the matter of Proving the Last Will and Testament of* JAMES SIMPSON, *deceased.*

A will which the testator subscribed by mark may be proved, even when only one of the subscribing witnesses can be examined.

Under the provision of 2 R. S. 59. § 13, which requires that when one or more of the witnesses are examined, and the others are inaccessible &c., proof of handwriting of the testator shall be taken, and of the witnesses dead, absent or insane, and of such other circumstances as would be sufficient to prove the will on a trial at law,—evidence of such other circumstances may be sufficient, where the testator's subscription was by mark.

In such a case the testimony of the only surviving subscribing witness fully attesting all the formalities, and directly and fully corroborated by three others, who saw the testator execute the will and heard his publication and request,—*Held* sufficient.

The case of *Matter of Walsh,* (*Tucker,* 132,) disapproved.

THIS was an application for the probate of the last will and testament of James Simpson, deceased.

The testator died at the city of Newburgh, on the 14th day of March, 1870, having previously executed the paper now offered for probate as and for his last will and testament.

He subscribed the paper by making his mark, thus : " James $\underset{\text{mark}}{\overset{\text{his}}{\times}}$ Simpson, L. S."   Henry C. Millspaugh and Cornelius Maher were the two subscribing witnesses. Hugh Grant, James Grant and Bridget Simpson were also present at the execution of the paper by the deceased.

Cornelius Maher, one of the subscribing witnesses, was now dead ; all the others above-named were living.

Henry C. Millspaugh, the subscribing witness now living, was examined, and testified that at the execu-

tion of the will, all the formalities of the statute were complied with; and in addition thereto, testified to facts showing that the testator was in all respects competent to devise real estate, and not under any restraint.

The other three persons above-named, who were living and were present at the execution of the will, all severally testified that they were present at the execution of the paper offered for probate; saw the deceased make his mark; heard him declare it to be his will, and request the subscribing witnesses to sign as witnesses, and saw them each sign their names as witnesses; and that the testator was in all respects competent to devise real estate.

WILLIAM J. DICKSON, *for the proponent.*

THE SURROGATE.—Having noticed the case, the matter of Walsh, before Surrogate Tucker, of the county of New York, (*Tucker's Reports*, 132), I have given this matter some little examination.

In the case above referred to, no one was present at the execution of the will except the testator and the two witnesses. The testator made his mark, and one of the witnesses was deceased. The Surrogate uses, in his opinion, this language:—" But the making of a mark has its inconveniences, as the present case demonstrates. A will subscribed by a mark, instead of by handwriting, cannot be proven at all, if one of the witnesses cannot be produced. The statute provides that where one or more, or all the subscribing witnesses are dead, out of the State, or insane, proof must be taken of the handwriting of the testator, and of the absent witness or witnesses, on propounding the will for probate. As no proof of the testator's handwriting can be given in the case, when his subscription is not made in

handwriting, the petition for probate must be denied. It is a case not provided for by statute."

I am not willing to follow the learned Surrogate in the case just noticed. I believe he has overlooked an important part of the section of the statute to which he refers. Sec. 13 of the statute reads as follows : " When any one or more of the subscribing witnesses to such will shall be examined, and the other witnesses are dead, or reside out of the State, or are insane, then such proof shall be taken of the handwriting of the testator and of the witness or witnesses so dead, absent or insane, *and of such other circumstances as would be sufficient to prove such will on a trial at law*." (2 *R. S.* 59., § 13,)

The next section (§ 14) of the same statute reads : " If it shall appear on the proof taken that such will was duly executed ; that the testator, at the time of executing the same, was in all respects competent to devise real estate, and not under restraint, the said will, and the proofs and examination so taken, shall be recorded in a book to be provided by the Surrogate, and the record thereof shall be signed and certified by him."

The Surrogate courts, as organized and existing in this State, are Courts having common law jurisdiction in all matters, therein which are not limited by some statute, and in all matters they proceed, except as aforesaid, according to the course of common law. (*Peebles* v. *Case, 2 Bradf.,* 226 ; *Sipperly* v. *Baucus, 24 N. Y.,* 46.)

The proof of a will abides by the same rules of evidence as prevail in all other judicial investigations ; unless *restrained* by some express statute, the Surrogate proceeds according to the established rules of evidence.

The statute above referred to is directory only. It is not a restraining statute : it does not say no evidence other than the handwriting of the testator and absent witness shall be received ; it does provide for, " such

other circumstances as would be sufficient to prove such will on a trial at law."

What else has been done in this case. I hardly know how I can better explain this statute than by a reference to this case. Although no proof could be given of the handwriting of Simpson (the testator) we may receive the next best evidence, which has been done.

The law allows a will to be subscribed by the testator making his mark, or his name may be written by another person, at his request. (*Chaffee* v. *Baptist Missionary Convent.* 10 *Paige*, 85; *Jackson* v. *Jackson*, 39 *N. Y.* 158, 159; *Roberts on Wills*, 94; *Addy* v. *Grix*, *Ves.* 504.)

If one of the subscribing witnesses is dead, insane, or absent, and cannot be produced, the will for that reason should not fall. Resort must be had to other circumstances, such as would be resorted to, to prove the will on a trial at law. (*Peebles* v. *Case*, 2 *Bradf.* 226.)

I hold, as matter of law, that the statute is merely directory, and when one of the witnesses is out of the State, insane or dead, the other witness may be examined, and proof taken of the handwriting of the absent, insane, or deceased witness, and of the handwriting of the testator, together with any other circumstances as would be sufficient to prove such will on a trial at law; and if it so happen, as in this case, that the testator make his own mark, then you merely take the same evidence, with the exception of proving the handwriting of the testator.

The statute is directory, and does not require an impossibility. It provides for the best evidence, and if that cannot be given, then resort may be had to " such other circumstances as would be sufficient to prove such will on a trial at law."

It will not be contended, I think, that this will could not be proved in an action in the Supreme Court; and

if I am right, that the Surrogate's Court, in matters within its jurisdiction, proceeds according to the course of common law, then I am right in receiving evidence other than the handwriting of the testator, to establish this will.

The subscribing witness must be produced, or his absence accounted for, and then the next best evidence must be produced.

A will, it is now held by the courts of this State, is to be established by the same rules of evidence as any other instrument. If the testimony of the subscribing witnesses, for any cause, fail to prove the will, then resort may be had to any other proper evidence which will establish it; which means, such evidence as satisfies the conscience of the court that the will was properly executed, and that the testator was in all respects competent to devise real estate, when such will is offered as a will of real estate as well as personal.

The evidence in this case is abundant that the will was properly executed, and that the testator was in all respects competent to make it; and it "appears to the court, upon the proof taken, that this will was duly executed, that the testator at the time of executing the same was in all respects competent to devise real estate, and not under restraint." I must therefore admit the will, and record the same, with the proofs.

Decree accordingly.