WESTCHESTER COUNTY. — HON. OWEN T. COFFIN, SURROGATE.—February, 1886.

## MATTER OF REYNOLDS.

*In the matter of the application to prove a paper propounded as the will of* PHILIP REYNOLDS, *deceased.*

An alleged will, subscribed by decedent, by making a cross mark, and one of the two subscribing witnesses whereto is dead, cannot be admitted to probate upon the testimony of the living witness, and proof of the handwriting of the other,—there being no possibility of "proof of the *handwriting* of the testator," which is made essential by Code Civ. Pro., § 2620, where "a subscribing witness whose testimony is required is dead."

As to whether the difficulty would be obviated, were another witness able to testify that he saw the decedent make his mark—*quære.*

DENNIS KELLEY, an executor named in a paper propounded by him, purporting to be a will of the decedent, after proving the due execution thereof by one of the subscribing witnesses, and the handwriting of the only other subscribing witness, who was shown to be dead, asked to have the same admitted to probate. The testator's name was written by the deceased witness, and the will was subscribed by Reynolds, by making a cross mark.

M. L. COBB, *for proponent.*

THE SURROGATE.—On the proof offered, probate must be denied. Section 2618 of the Code declares that "before a written will is admitted to probate,

two, at least, of the subscribing witnesses must be produced and examined, if so many are within the State, and competent and able to testify." Then, § 2620 provides that " . . . . . if a subscribing witness whose testimony is required is dead . . . . . the will may nevertheless be established upon *proof of the handwriting of the testator, and* of the subscribing witness, *and* also of such other circumstances as would be sufficient to prove the will upon the trial of an action." It will, therefore, be readily seen that in such a case, and in all cases of the kind, it is an indispensable requisite that the handwriting of the testator shall be proven. That is to be done by some one sufficiently familiar with the cast or form of writing of the person, to enable him to identify it as his. But a cross mark has no such cast or form as to distinguish it from a like mark made by any other individual. It cannot be the subject of expert testimony. The difficulty would, doubtless, be obviated were another witness able to testify that he was also present and saw the deceased make his mark.

Probate refused.