MONTGOMERY COUNTY.—HON. H. V. BORST, SURRO-
GATE.—February, 1888.

MATTER OF DOCKSTADER.

*In the matter of the probate of the will of* MARY DOCK-
STADER, *deceased.*

An alleged will, subscribed by decedent by making a cross-mark, and one of the two subscribing witnesses whereto is dead, may, where other essential circumstances appear, be admitted to probate upon the testimony of the living witness that he saw decedent make the mark, and .proof of the handwriting of the other,—this being a compliance with Code Civ. Pro., § 2620, which requires "proof of the *handwriting* of the testator," where "a subscribing witness whose testimony is required is dead."

Matter of Reynolds, 4 *Dem.*, 68—distinguished.

APPLICATION for probate of will. The facts are stated in the opinion.

R. B. FISH, *for proponent.*

THE SURROGATE.—It has been objected that the proof of the handwriting of the testatrix in this

matter is not sufficient, and that the application for probate should be denied.

The execution of the paper purporting to be the will of Mary Dockstader was proved by one of the subscribing witnesses, and it appearing that the only other subscribing witness was dead, his handwriting was duly proven. The testatrix's name was written by the living witness, and she subscribed her name by making a cross-mark. It is provided by § 2620 of the Code that "if a subscribing witness, whose testimony is required, is dead, . . . . . the will may nevertheless be established, upon proof of the handwriting of the testator, and of the subscribing witness and also of such other circumstances as would be sufficient to prove the will upon the trial of an action." There is nothing in the section that requires such proof of the handwriting to be made by more than one witness.

The handwriting of the testatrix was proved by the living subscribing witness. He testifies that he was present and saw her make her mark at the end of the proposed will. No better proof of her handwriting than this can be given, and it is sufficient. With the due proof of the handwriting of the subscribing witness, all the requirements of the statute have been answered, to entitle the will to be admitted to probate.

My attention has been called to the Matter of Reynolds (4 *Dem.*, 68). In that case, it does not appear that the living witness saw the testator make his mark, and hence no one could give "proof of the handwriting of the testator," for, as the learned Sur-

rogate in that case says, " a cross-mark has no such cast or form as to distinguish it from a like mark made by any other individual." That will may not have been subscribed by the testator in the presence of each of the attesting witnesses, but he may have acknowledged it to have been by him subscribed to each of such witnesses. That would have answered the requirements of the statute, and the necessary proof could have been given by the witnesses, if living. But, the one witness being dead, proof of the handwriting of the testator must be given, and, the living witness not seeing the . testator make his mark, there was no one in that case to testify to his handwriting. That case does not conflict with the conclusion reached in the case under consideration.

A decree will be entered, admitting the will to probate.