## In re PHELPS' WILL.

### (*Surrogate's Court, New York County.* April 9, 1889.)

WILLS—PROBATE—EVIDENCE OF EXECUTION.
   Under 3 Rev. St. N. Y. (6th Ed.) p. 59, §§ 11, 15, and Code Civil Proc. N. Y. §§ 2618, 2620, providing that a will may be proved and admitted to probate without the testimony of the subscribing witnesses when it is unattainable, in which case the handwriting of the testator and the subscribing witnesses and such other circumstances as would establish a will on the trial of an action may be proved, probate will be denied when the testimony of one subscribing witness, proving all the facts essential to the execution of a will by testator's mark, is wholly uncorroborated by any person who knew the fact of the mark being affixed by testator.

*H. D. McBurney,* for Catharine Haight, proponent.

RANSOM, S. The paper propounded is subscribed by the testator "THOMAS W. (his X mark) PHELPS," and was witnessed by George Stewart and C. E. Kennedy. The witness Kennedy has died since the execution of the paper, .and the testimony of the witness Stewart has been taken by commission. The question is whether the paper propounded can be admitted to probate, there being but one witness to identify the signature or mark of the alleged ·testator. By 3 Rev. St. (6th Ed.) p. 59, § 11, it is provided: "When any one ·or more of the subscribing witnesses to such will shall be examined, and the ·other witnesses are dead, or reside out of the state, or are insane, then such proof shall be taken of the handwriting of the testator, and of the witness or witnesses so dead, absent, or insane, and of such other circumstances as would be sufficient to prove such will on a trial at law." And by section 15 it is provided: "If it shall appear to the satisfaction of the surrogate that all the ·subscribing witnesses to any such will are dead, insane, or reside out of the state, the surrogate shall take and receive such proof of the handwriting of the testator, and of either or all of the subscribing witnesses to the will, and ·of such other facts and circumstances as would be proper to prove such will ·on a trial at law." Section 2618 of the Code of Civil Procedure provides: "Upon the return of the citation the surrogate must cause the witnesses to be ·examined before him. The proofs must be reduced to writing. Before a written will is admitted to probate, two at least of the subscribing witnesses must be produced and examined, if so many are within the state, and competent and able to testify. Before a nuncupative will is admitted to probate, its execution and the tenor thereof must be proven by at least two witnesses.

Any party who contests the probate of the will may, by a notice filed with the surrogate at any time before the proofs are closed, require the examination of all the subscribing witnesses to a written will, or of any other witness whose testimony the surrogate is satisfied may be material; in which case all such witnesses who are within the state, and competent and able to testify, must be so examined." Section 2620 of the Code of Civil Procedure provides: "If all the subscribing witnesses to a written will are, or if a subscribing witness, whose testimony is required is, dead, or incompetent, by reason of lunacy or otherwise, to testify, or unable to testify, or if such a subscribing witness is absent from the state, or if such a subscribing witness has forgotten the occurrence, or testifies against the execution of the will, the will may nevertheless be established, upon proof of the handwriting of the testator, and of the subscribing witnesses, and also of such other circumstances as would be sufficient to prove the will upon the trial of an action. Where a subscribing witness is absent from the state, upon application of either party, the surrogate shall cause the testimony of such witness to be taken by commission, when it is made to appear that by due diligence such testimony may be obtained. Where a written will is proved as prescribed in this section, it must be filed, and remain in the surrogate's office. Where, in any matter before the surrogate or in a surrogate's court, the testimony of any witness shall be taken by or on commission, the same, together with the commission on which, it is taken, shall be duly filed in the office of the surrogate, but need not be recorded. The testimony or other proceeding duly taken to be used before the surrogate or surrogate's court, by a stenographer, shall be filed, and need not be recorded."

The earliest decision upon this point will be found in the first of Tucker's Reports, 132, ( *Walsh's Will,* ) where the surrogate held that a will subscribed by a mark could not be proven at all if one of the witnesses could not be produced. The learned surrogate said: "The statute provides that where one or more or all the subscribing witnesses are dead, out of the state, or insane, proof must be taken of the handwriting of the testator, and of the absent witness or witnesses, on propounding the will for probate. As no proof of the testator's handwriting can be given in the case where his subscription is not made in handwriting, the petition for probate must be denied." This case was disapproved in *Simpson's Will,* 2 Redf. Sur. 29, the surrogate not being willing to commit himself to the doctrine that in no case could a will subscribed by a mark be proven where one of the subscribing witnesses was dead. However, in that case there were three other witnesses who testified that they were present and saw the deceased make his mark. Surrogate COFFIN, in *Re Reynolds,* 4 Dem. Sur. 68, held that there should be more than one witness who should be able to testify that he was present and saw the deceased make his mark, and, such not being the case, probate was refused. This case was followed in *Re Van Gieson,* 6 Dem. Sur. 237, where the learned surrogate held that if other persons than the subscribing witnesses were present at the execution of the instrument, and actually saw the deceased make his mark, and can remember and testify to the fact upon the trial, the will may still be saved; but that, the only person living who could give any testimony on the subject of this instrument being the surviving subscribing witness, probate was denied, on the ground of lack of legal proof. The only case I am able to discover which would seem to hold that if the subscribing witness saw the testator make his mark, that that would be a sufficient identification of the testator's signature, and would have answered the requirements of the statute, is found in *Re Dockstader,* Id. 106. The testimony of the surviving subscribing witness in the case at bar would, in my judgment, be sufficient to satisfy the requirements of the statute, if some other living witness could testify that he had seen the testator make his mark. The witness Stewart testified that he drew the will for the testator; that he saw him

affix his mark to the will, and that he acknowledged that that mark was his signature; and at the time he affixed his mark he declared the instrument he had signed to be his last will and testament, and that he requested the witness to sign said instrument as a subscribing witness, and that he (the witness) did sign as such subscribing witness. He testifies further that there were present, when the paper was declared by the testator to be his last will and testament, Charles E. Kennedy, the other subscribing witness, and himself, and that there were others moving about, but whom the witness does not remember. The declaration was made by the testator to Mr. Kennedy and the witness, and the will was signed in the presence of Mr. Kennedy and the witness. The testimony as it stands, in my opinion, is not sufficient to satisfy the requirements of the statute; and, unless testimony of other persons who were present at the time of the execution of the paper is given, which would show beyond a doubt that the testator made his mark, as testified to by Mr. Stewart, probate must be denied.