*Will — proof of the mark of the testator — Code of Civil Procedure, § 2620.*

If the mark of a testator at the foot of his alleged will be handwriting and sub-
ject to proof at all, within the provisions of section 2620 of the Code of Civil
Procedure, it may be proved by one witness as well as by more, if the witness
commands credence, and one disinterested witness is as competent as another
to prove the fact.

A will was subscribed by the testator by making his mark in the presence of two
attesting witnesses. The attestation clause was full and complete. Upon the
application for the probate of such instrument one of the attesting witnesses
was dead. The other testified to the proper publication of the will, and that he
saw the testator sign his mark thereto. The surrogate refused to admit the
will to probate on the ground that the making of the mark by the testator must
be proved by another and additional witness.

*Held,* that such ruling was improper, and that the will should have been
admitted to probate

APPEAL by the petitioner, Phœbe A. Gore, from a decree of the
Surrogate's Court of Westchester county, entered in the office of the
clerk of the Westchester Surrogate's Court on the 5th day of May,
1893, refusing to admit to probate an instrument purporting to be
the last will and testament of Alexander F. Wilson, deceased.

*Richard R. Arnow,* for the proponent, appellant.

*J. Mortimer Bell,* for George Bell and others, respondents.

*Dudley R. Horton* )r Sarah E. Wilson and special guardian for
infants, respondents.

---

*The other decisions of this term will be found in 75 Hun.—[REP.

HUN—VOL. LXXVI.      1

Cullen, J. :

This is an appeal from a decree of the surrogate of Westchester county refusing to admit a will to probate. The will was subscribed by the testator's mark, in the presence of the two attesting witnesses. The attestation clause is full and complete. One of the witnesses has died. The other testified to the proper publication of the will, and that he saw the testator sign his mark thereto. The surrogate refused probate on the ground that the making of the mark by the testator must be proved by another and additional witness, following his own previous ruling in *Matter of Reynolds* (4 Dem. 68).

We think that the decision does not rest on sound principle. Section 2620, Code, permits, in case of the death of a subscribing witness, the will to be proved by proof of the handwriting of the testator and that of the deceased witness. In *The Matter of Walsh* (1 Tucker, 132) it was held that a mark was not handwriting within this provision, because it has no characteristics, and that, therefore, the will of a marksman could not be admitted to probate except on the testimony of the two subscribing witnesses. This rule has not been followed in any reported case. The next case was *Matter of Reynolds*, already cited. Subsequently, in *The Matter of Dockstader* (6 Dem. 106), the rule in the *Reynolds* case was not followed, but the will was admitted to probate on the testimony of a single subscribing witness that he saw the testator make his mark, the other witness being dead. In *The Matter of Phelps* (1 Connoly, 463) the surrogate of New York adhered to the rule of the *Reynolds* case, but subsequently, in *The Matter of Hyland* (45 Alb. L. J. 209), the same judge reversed his previous ruling. In *The Matter of Kane* (20 N. Y. Supp. 123) the surrogate of Rockland follows the ruling in the *Hyland* and *Dockstader* cases.

The current of authority and custom is, therefore, against the decision made by the court below.

If a mark be handwriting, and the subject of proof at all within this provision of the Code, it may be proved as well by one witness as by more, if the witness commands credence, and one disinterested witness is as competent as another to prove the fact. The only objection to the sufficiency of proof by a single surviving attesting

witness is, that in every case the statute requires the testator to either sign in the witness' presence, or acknowledge his signature, and to prove the will the witness must testify to either one or the other of such requisites, either of which would be proof of the handwriting of the deceased; that, hence, when the statute. prescribes proof must be made of the handwriting of the testator, some further evidence, or evidence of further witnesses is required.    If the section cited referred only to the cases where some attesting wit- . ness survived or could be produced, there would be great force in this objection.    But the provision of the Code is general, and applies to cases where the testimony of no attesting witness can be obtained.    We think that we are not warranted in limiting the provisions of this section to the proof of handwriting by others than the attesting witnesses.    It is possible to imagine cases where our construction would perhaps render fraud more easy, but such a danger is more imaginary than real.    On the other hand, to .uphold the rule laid down by the surrogate will cause many properly executed wills to fail without any fault or neglect on the testator's part.    The current of practice and authority being against that rule, we think that it should not be upheld.

The decree appealed from should be reversed, and a decree entered admitting the will to probate.

PRATT and DYKMAN, JJ., concurred.

Decree reversed and a decree directed to be entered admitting the will to probate.