### In the Matter of the Estate of MARY FOX, Deceased.

Surrogate's Court, Kings County, February 28, 1941.

*Frank Finberg,* for the Board of Trustees of Sixth Avenue Baptist Church, proponent.

*Edward J. S. Farrell,* special guardian for Emily Hougstatter or her unknown heirs.

*Herbert Peake,* special guardian for unknown heirs of Mary Fox.

WINGATE, S. The facts of the present proceeding are sufficiently unusual to render them worthy of note despite the fact that no contest has been interposed to the probate of the propounded instrument.

The document is on a printed form and purports to have been executed on August 25, 1906. On the line customarily used for the signature of the testator there appears an ordinary cross-mark. Below this is an attestation clause in customary form which, among other things, recites that the testatrix, Mary Fox, "subscribed her name to this instrument by making her mark in our presence," etc. Below this form are signed the names of Henry E. St. John and Alexander Neish, both of Walton, N. Y., as witnesses.

It having been represented to this court that both of the subscribing witnesses were dead and that proof of the document could best be made in Walton, an order was made pursuant to the provisions of section 74 of the Surrogate's Court Act directing that the witnesses in support of the will be examined before Hon. A. LINDSAY O'CONNOR, surrogate of Delaware county.

The deposition as thus adduced has now been returned, and discloses the testimony of three witnesses, Robert B. St. John, Alexander J. Neish and Mary Dann. The first two are, respectively, the sons of the two deceased subscribing witnesses. They identified the signatures of their fathers on the instrument, and Mr. Neish testified that the writing in the body of the document was that of his father, who was an attorney. Mr. St. John testified that he was present when the paper writing was executed and that it had been delivered to him by the testatrix and remained in his possession for over a quarter of a century and until he redelivered it to her upon his discontinuance of attention to her legal affairs. Both he and Mrs. Dann testified to the mental capacity of the testatrix and to the fact that she was unable to write and invariably signed all documents by mark. The question presented is whether this demonstration is sufficient to warrant admission to probate of the propounded instrument.

It is, of course, frequent and familiar practice that in situations in which both witnesses are dead, the authenticity of the document may be substantiated by proof of the handwriting of the witnesses and of the testator. (Surr. Ct. Act, § 142; Butler, New York Surrogate Law & Practice, § 955.) In the present instance this is impossible of accomplishment, since a mark, whereas an adequate method of subscription of a will (*Jackson* v. *Jackson*, 39 N. Y. 153, 159; *Matter of Caffrey*, 174 App. Div. 398, 401; affd., 221 N. Y. 486; *Matter of Corcoran*, 145 App. Div. 129, 132; *Matter of Murphy*, 15 Misc. 208, 211; *Matter of Kane*, 2 Con. Surr. Rep. [N. Y.] 249, 253; *Matter of Golicki*, 116 Misc. 100, 104), does not ordinarily present individual pecularities sufficient to permit its identification as that of any given individual. (*Matter of Corcoran*, *supra*.) It is for this reason that opinion evidence respecting

the genuineness of an ordinary cross-mark signature has been determined to be inadmissible. (*Matter of Hopkins*, 172 N. Y. 360, 370.) Whereas it has been held that a cross-mark signature may be proved by a person who actually witnessed its making (*Matter of Wilson*, 76 Hun, 1, 2), the deposition of Mr. St. John in the present case, although establishing his presence at the time of the execution of the document, fails to demonstrate that he actually observed the making of the mark by the testatrix.

In this situation, proof by ordinary means being deficient, the question is presented as to whether the composite demonstration of the record constitutes common-law proof of the will sufficient to satisfy the conscience of the court as to its authenticity. (*Matter of Ewen*, 206 App. Div. 198, 201; *Matter of Dybalski*, 199 id. 677, 680; affd., 234 N. Y. 510.)

It has repeatedly been determined that a properly worded " attestation clause is always some proof of the due execution of the will." (*Matter of Nelson*, 141 N. Y. 152, 156. See, also, *Orser* v. *Orser*, 24 id. 51, 55; *Wills* v. *Mott*, 36 id. 486, 488; *Matter of Sizer*, 129 App. Div. 7, 9; affd., 195 N. Y. 528; *Matter of Abel*, 136 App. Div. 788, 792.) In the present instance there is not only nothing to contradict this proof, but, on the contrary, the entire demonstration is consonant therewith. The document was prepared by a lawyer and witnessed by him and by another member of the bar. The certificate of recital of the occurrence of execution which was attested by them was complete and indicated full compliance with all statutory requirements. The document was delivered by the decedent to her legal adviser for safekeeping and, upon its return to her, carefully preserved up to the time of her death. Lastly, her competence and volition were amply established.

In view of this demonstration, the court is fully satisfied of the validity and genuineness of the document and probate thereof will be directed. (*Matter of Corcoran, supra.*)

Enter decree on notice in conformity herewith.