Zaremba v. International Harvester Corp. 162 Wis. 231.

ZAREMBA, Respondent, vs. INTERNATIONAL HARVESTER COR-
PORATION, Appellant.

*November 17, 1915—February 1, 1916.*

*Life insurance: Employees' benefit association: Contract barring rem-
edy in courts: Validity: Public policy.*

1. Provisions in an insurance contract made with an employees' bene-
   fit association whereby the beneficiary is debarred from any
   remedy in the courts and must accept as final the settlement or
   decision made by the superintendent of the association, or by the
   board of trustees upon appeal, are void as against public policy.
2. A controversy as to contract rights between the association and a
   beneficiary under a benefit certificate cannot be considered as
   one of the internal affairs of the association as to which the de-
   cision of the tribunals of the association may be made conclusive
   upon the members.
3. A beneficiary who, upon the death of a member, made claim to the
   superintendent in order to prevent the benefit from lapsing,
   might decline to appeal from his adverse decision to the board of
   trustees and might lawfully resort to the courts, disregarding
   the provisions of the contract which attempted to take away that
   remedy.

APPEAL from a judgment of the circuit court for Milwau-
kee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The action is to recover death benefits upon a certificate of
membership in an unincorporated employees' benefit associa-
tion composed of employees of the defendant corporation.
The plaintiff is the beneficiary named in the certificate and is
the widow of Frank Zaremba, a member of the association in
good standing, who died July 16, 1912. The defendant, for
the purposes of the action, admits that it has assumed lia-
bility to pay any sum which may be legally due on the certifi-
cate. The action was brought and tried in the civil court of
Milwaukee county. Two defenses were relied on, viz.:
(1) that the death of the insured resulted from the immod-
erate use of intoxicating liquors, and (2) that by the terms of

the contract the plaintiff should have exhausted her remedy before the tribunals of the association. The jury found against the defendant on the first issue and the court held against it on the second issue, and judgment was rendered by the civil court for the plaintiff for the amount of the death benefits, viz. $939.31 and costs, which judgment was affirmed upon appeal to the circuit court, and the defendant appeals.

For the appellant there was a brief by *Flanders, Bottum, Fawsett & Bottum* and *David A. Orebaugh,* attorneys, and *Edgar A. Bancroft* and *Philip S. Post,* of counsel, and oral argument by *C. F. Fawsett.*

*Charles E. Hammersley,* for the respondent.

The following opinion was filed December 7, 1915:

WINSLOW, C. J. The judgment must be affirmed under the principles laid down by this court in *Fox v. Masons' F. A. Asso.* 96 Wis. 390, 71 N. W. 363.

In the present case the application for insurance provided that if proper claim were not made to the superintendent of the association within one year after the death of the insured the death benefit should lapse, and, further, that both the insured and the beneficiaries should be governed by the rules of the association providing for a *final and conclusive* settlement of all claims for benefits by reference to the superintendent of the association and an appeal from his decision to the board of trustees of the association. The rules referred to provided that all controversies as to any claim for benefits should be submitted to the said superintendent, whose decision should be final and conclusive unless a written appeal be taken therefrom to the board of trustees, whose decision should be final and conclusive.

It is very plain that the result of the foregoing provisions taken together is to oust the courts of jurisdiction over the whole subject matter of disputed claims for death benefits. If no claim is presented to the superintendent the benefit

lapses; if the claim be presented to the superintendent the claimant must accept the decision of the superintendent (or of the board of trustees upon appeal) as final and conclusive. In either event the beneficiary is, by the terms of his contract, debarred from any remedy in the courts. This court has held that such a contract is void as against public policy. *Fox v. Masons' F. A. Asso., supra.*

This principle is not in the least affected or shaken by the companion principle that in the administration of the internal affairs of a corporation the decisions of the tribunals of the association within their own proper sphere, if not violative of law, may be made conclusive as to the members of the corporation. *Loeffler v. Modern Woodmen,* 100 Wis. 79, 75 N. W. 1012; *Bartlett v. L. Bartlett & Son Co.* 116 Wis. 450, 93 N. W. 473. A controversy as to contract rights between the association and a beneficiary under a benefit certificate cannot be considered as one of the internal affairs of the corporation.

Nor does it matter that the beneficiary made application for payment of the claim to the superintendent and, upon his adverse decision, declined to go further. She was obliged to make the claim to the superintendent or the death benefit would lapse. Having done this, she might lawfully resort to the courts and disregard the provisions which attempt to take away that remedy.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on February 1, 1916.