Rock, Respondent, vs. Ekern, Appellant.

*January 12—February 1, 1916.*

*Contracts: Validity: Public policy: Private employment of counsel to assist district attorney in criminal prosecution.*

1. The employment and payment by private persons of counsel to assist the district attorney in the prosecution of persons for crime is against the public policy of this state, and a contract therefor is void.
2. The preliminary examination of a person accused of crime is merely one step in the prosecution of such crime, and the rule above stated is applicable thereto.
3. Acquiescence of the accused, the court, and the district attorney in the rendering of assistance to the district attorney by an attorney privately employed does not purge the contract of employment of its illegality or furnish ground for a recovery of compensation under it.

Appeal from a judgment of the superior court of Douglas county: Charles Smith, Judge. *Reversed.*

This is an action brought by the plaintiff, an attorney at law, to recover for services rendered pursuant to a contract in a criminal prosecution in which defendant was the complaining witness.

One Fowler, treasurer of a company in which defendant was interested, was charged with having embezzled some of the company's money. Plaintiff was employed by the defendant to secure a requisition from the governor for the return of the accused. After the requisition was issued the accused returned to the state in response to it. A short time before the preliminary hearing of the accused the defendant entered into a contract with the plaintiff by which the plaintiff was employed by the defendant privately to assist in the criminal prosecution of the accused. The district attorney consented to this assistance. The contract reads as follows:

"February 26, 1914.

"*A. T. Rock,* the undersigned, hereby agrees to assist the district attorney of Douglas county, Wis., in the prosecution of Homer T. Fowler so long as *L. P. Ekern,* the complaining witness, desires the services of said *Rock* therein, at and for the sum of twenty-five (25) dollars per day and his expenses when called from home in said prosecution; and said *L. P. Ekern* hereby agrees to pay said *Rock* for his services said sum of twenty-five (25) dollars per day for each and every day of his services and pay his expenses when out of Superior or Duluth, Minn., in said work.

(Signed)          "A. T. ROCK.

"L. P. EKERN.

"February 26, 1914.

"Received from *L. P. Ekern* twenty-five (25) dollars as advance fees on above contract.

(Signed)          "A. T. ROCK."

The plaintiff assisted in the preliminary examination of Fowler, and the court, the district attorney, the lawyers of the accused, and the accused acquiesced in the plaintiff's assisting the district attorney in the prosecution of the case. Plaintiff had full charge of the case and conducted the examination. At the conclusion of the hearing the municipal judge dismissed the complaint against the accused and that terminated the prosecution. The defendant refused to pay the plaintiff for his services as per contract, and this suit was brought to recover payment for the services rendered under the contract. The following is an itemized statement of the amount plaintiff claims is due him from defendant:

1913.

| | |
|---|---:|
| Feb. 25. One-half day examining books of Fowler-Eimon-Oyaas Co., at $25 per day.............................. | $12 50 |
| Feb. 26–27–28. Examining books of Fowler-Eimon-Oyaas Co., at $25 per day......................................... | 75 00 |
| Mar. 3 to 12. Attending trial of State of Wisconsin vs. Homer Fowler, nine days at $25 per day....................... | 225 00 |
| April 3 and 4. Attending court in case of L. P. Ekern vs. Homer Fowler, at $25 per day.......................... | 50 00 |
| Total ............................................ | $362 00 |

The court submitted a general verdict to the jury, who found for the plaintiff in the sum of $212.50. The verdict contains the statement: "Of the above sum nothing is found as fees in the civil suit." This part of the verdict is not involved on this appeal. The court in accordance with the verdict entered judgment for the plaintiff to recover the sum of $212.50, together with the costs and disbursements of the action. From such judgment this appeal is taken.

The cause was submitted for the appellant on the brief of *Hanitch & Hartley,* and for the respondent on that of *Dietrich & Dietrich.*

SIEBECKER, J. The plaintiff sues upon the express contract he made with the defendant, which appears in the foregoing statement. It was agreed that the plaintiff was "to assist the district attorney of Douglas county, Wis., in the prosecution of Homer T. Fowler so long as *L. P. Ekern,* the complaining witness, desires the services . . ." The evidence shows that the plaintiff rendered services under the contract by assisting the district attorney in conducting the preliminary examination in the municipal court of Douglas county. He claims there was due for nine days' services in attending court on such examination the sum of $225. The jury found $212.50 due him for such services and included nothing for other services. The defendant challenges the right of plaintiff to recover under the contract upon the ground that the contract is against the policy of the law and the statutes of this state and void, and that no recovery thereon will be permitted. The question of the policy of the state, regarding such contracts as this, was examined by this court in the case of *Biemel v. State,* 71 Wis. 444, 37 N. W. 244. In that case an attorney who had been employed and paid for his services by a private party was permitted by the court to assist the district attorney in the prosecution of the case. This court there held that the statutes of the state pro-

viding for the election of a district attorney to act as the public prosecutor and prohibiting him from receiving "any fee or reward from or on behalf of any prosecutor or other individual, for services in any prosecution or business to which it shall be his official duty to attend; nor be concerned as attorney or counsel for either party, other than for the state or county, in any civil action depending upon the same state of facts upon which any criminal prosecution commenced but undetermined shall depend," together with the statute vesting in the judges of the courts the power to appoint attorneys to assist the district attorney whenever the court finds it necessary and proper in prosecuting felonies and prosecutions before grand juries, declare a policy of the state which regulates and limits the appointment of such counsel to assist in such prosecutions to attorneys who are not employed and paid by private parties, and that such counsel must be appointed by the court and paid from the public fund and thus place such assisting attorney in the same position of impartiality as the district attorney elected by the people.    The court declared:

"We think it is quite clear from the reading of our statutes on the subject, as well as upon public policy, that an attorney employed and paid by private parties should not be permitted either by the courts or by the prosecuting attorney to assist in the trial of such criminal cases."

It is emphasized in the opinion that prosecutors in criminal cases should be free from prejudice and have no private interest in prosecutions.    In *Wight v. Rindskopf,* 43 Wis. 344, in speaking of the duties and functions of prosecuting officers, the court states that he "is a *quasi*-judicial officer, retained by the public for the prosecution of persons accused of crime, in the exercise of a sound discretion to distinguish between the guilty and the innocent. . . . He is trusted with broad official discretion, generally subject, however, to judicial control."    These views are supported in the case of *State*

*v. Russell,* 83 Wis. 330, 53 N. W. 441. These adjudications clearly establish that employment and payment of private counsel to assist the district attorney in the prosecution of persons for crime by private parties is against the public policy of this state. We are of the opinion that this policy has not been changed by subsequent legislation and must be adhered to. From the facts and circumstances shown in this case it appears that plaintiff contracted with the defendant "to assist the district attorney of Douglas county, Wis., in the prosecution of Homer T. Fowler so long as *L. P. Ekern* [defendant], the complaining witness, desires the services of said *Rock* [plaintiff] therein. . . ." It is without dispute that the amount of the recovery against defendant was for services plaintiff rendered under this contract in the preliminary examination of Fowler upon defendant's complaints. The contract as proved is against the public policy of this state and the trial court erred in permitting the plaintiff to recover thereon. The acquiescence of the accused, the court, and the district attorney to allow plaintiff to assist in the prosecution of Fowler under his private employment by defendant does not purge the contract of employment of its illegal character and affords no excuse to enforce it. *Wight v. Rindskopf, supra.* In *Melchoir v. McCarty,* 31 Wis. 252, it was held: "The general rule of law is, that all contracts which are repugnant to justice, or founded upon an immoral consideration, or which are against the general policy of the common law, or contrary to the provisions of any statute, are void;" even where such statute does not expressly declare them void.

It is argued that the plaintiff rendered the services here involved upon the preliminary examination and hence they are not of the class of services which are prohibited to be performed by counsel employed by private parties under this public policy. We cannot accede to this claim. A preliminary examination of a person accused of crime is one step in

the prosecution for the crime charged.    It is so regarded and treated in the common law and the statutes.    The court committed error in permitting the plaintiff to recover on the contract in this case.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded to the superior court of Douglas county with direction to enter judgment dismissing plaintiff's complaint.