SWEET, Respondent, vs. MODERN WOODMEN OF AMERICA, Appellant.

*April 4—June 25, 1919.*

*Insurance: Fraternal benefit insurance: Amendment of by-laws: Effect: Unexplained absence of beneficiary: New trial: Newly discovered evidence: Diligence: Sufficiency of affidavits: Appeal: Discretion of trial court.*

1. A controversy as to contract rights between a fraternal benefit association and a beneficiary is not an internal affair of the corporation with reference to which the decisions of its tribunals can be made conclusive.
2. Thus, a by-law of a fraternal benefit association providing that the disappearance of a member for any period short of his life expectancy should not entitle the beneficiary to recover on the certificate, substantially changed the contract, and could not apply to a certificate theretofore issued, though the insured had agreed that laws thereafter enacted by the association should become a part of the contract.
3. The granting or refusing of a new trial for newly discovered evidence is within the discretion of the trial judge, and can be reversed on appeal only when there is a clear case of mistake.

4. Affidavits in support of a motion for a new trial in an action to recover insurance on the life of one who had disappeared several years before, which show that a person of the same name, coming from the same place, was then living in another country, and that the insured had been seen within two years of the commencement of the action, require the granting of a new trial on the ground of newly discovered evidence.

5. Where the wife of the insured had not heard from him for more than eight years and did not know his whereabouts, she cannot defeat the insurer's right to a new trial for newly discovered evidence that the insured was alive, on the ground of the insurer's lack of diligence in locating the insured before the trial.

APPEALS from a judgment of the superior court of Ashland county (CHARLES SMITH, Judge) and from an order of that court (SOLON L. PERRIN, Judge). *Reversed.*

This is an action brought to recover on a benefit certificate. Byron C. Sweet became a member of the *Modern Woodmen of America* at Superior, Wisconsin, November 12, 1898. A benefit certificate for $2,000, payable to his wife upon his death, was issued to him. Sweet left home about the 1st of April, 1909. His wife heard from him until about Thanksgiving, 1909, since which time she has heard nothing of or from him. This action was commenced in February, 1917, to recover the amount of the benefit certificate. The answer set up as a defense a by-law enacted by the society and in full force from and after September 1, 1908, as follows:

"Sec. 66. *Disappearance no presumption of death.* No lapse of time or absence or disappearance on the part of any member, heretofore or hereafter admitted into the society, without proof of the actual death of such member, while in good standing in the society, shall entitle his beneficiary to recover the amount of his benefit certificate, except as hereinafter provided. The disappearance or long-continued absence of any member unheard of, shall not be regarded as evidence of death or give any right to recover on any benefit certificate heretofore or hereafter issued by the society until the full term of the member's expectancy of life, according to

the National Fraternal Congress Table of Mortality, has expired within the life of the benefit certificate in question, and this law shall be in full force and effect, any statute of any state or country or rule of common law of any state or country to the contrary notwithstanding. The term 'within the life of the benefit certificate,' as here used, means that the benefit certificate has not lapsed or been forfeited, and that all payments required by the by-laws of the society have been made."

The case was tried before a jury. At the conclusion of the trial both plaintiff and defendant moved for a directed verdict, whereupon the court granted plaintiff's motion and judgment was entered in her favor. The defendant appealed from the judgment. After the record was received and filed in this court, upon motion of the defendant the record was remanded to the trial court to enable the defendant to move in that court for a new trial on newly discovered evidence. Such motion was made in the trial court. The motion was supported by various affidavits; one purporting to be by Byron C. Sweet himself, in which he states that he is living in Port Arthur, Ontario, Canada; one by the chief of police of Port Arthur, Ontario, Canada, who states that he is well acquainted with Byron C. Sweet, who now lives in Port Arthur, but who was formerly a resident of Superior, Wisconsin. There are affidavits of at least two others to the same effect, although they did not know said Sweet when he lived in Superior. There also were filed affidavits by several persons who knew Sweet when he lived in Superior, and who at various times, down as late as 1915, saw him in, or in the vicinity of, Port Arthur. Certain photographs of the person known as Byron C. Sweet at Port Arthur, Canada, were filed with the affidavits. In opposition to the motion, affidavits of persons who knew Sweet during the time he lived at Superior, including the plaintiff, stating that the photographs filed were not the photographs of the Byron C. Sweet who was plaintiff's husband, were filed. Upon this presentation the trial court denied defend-

ant's motion for a new trial, and the defendant appealed from that order.    Both appeals were argued and will be considered together.

For the appellant there were briefs by *Truman Plantz* of Rock Island, Illinois, and *John B. Chase* of Oconto, and oral argument by *Mr. Chase.*

For the respondent there were briefs by *Grace, Hudnall & Fridley* of Superior, and oral argument by *C. R. Fridley.*

The following opinion was filed April 29, 1919:

OWEN, J.    The plaintiff's case rested upon the presumption of death arising from the absence of her husband without any word or tidings from him or any intelligence concerning his whereabouts for a period of more than seven years.    It is not disputed that this fact was substantially and satisfactorily proved.    The defense relied solely upon the by-law set forth in the statement of facts which was adopted by the association subsequent to the issuance of the benefit certificate upon which the action is founded and in force from and after September 1, 1909, providing in effect that no lapse of time or absence or disappearance on the part of any member without proof of the actual death of such member shall entitle his beneficiary to recover the amount of his benefit certificate until the full term of the member's expectancy of life, according to the National Fraternal Congress Table of Mortality, has expired.    If that by-law is a legal enactment or regulation of the society, so far as it attempts to affect benefit certificates theretofore issued, then plaintiff cannot recover, otherwise there is no defense to the action and the trial court was right in awarding plaintiff judgment. It is well settled that in the administration of the internal affairs of a corporation the decisions of the tribunals of the association, within their own proper sphere, if not violative of law, may be made conclusive as to the members of the corporation.    *Loeffler v. Modern Woodmen,* 100 Wis. 79, 75 N. W. 1012; *Bartlett v. L. Bartlett & Son Co.* 116 Wis.

450, 93 N. W. 473; *Callahan v. Order of Railway Conductors, ante,* p. 43, 171 N. W. 653. But a controversy as to contract rights between the association and a beneficiary under a benefit certificate cannot be considered as one of the internal affairs of the corporation. *Zaremba v. International H. Corp.* 162 Wis. 231, 155 N. W. 114. The by-law relied upon as a defense substantially modifies the contract embodied in the benefit certificate. By the terms of the certificate the defendant obligated itself to pay plaintiff $2,000 upon the death of Byron C. Sweet. His death was proved by legal evidence. The effect of the by-law was to make it impossible to recover on the certificate except by virtue of positive proof of death and in cases such as this to postpone recovery for a number of years, during which time the premium payments were required to be made in order to keep the benefit certificate alive. If the association could thus modify the contract no reason is perceived why it could not entirely nullify it. While Sweet in his application for membership agreed that "the laws of this society now in force, or hereafter enacted, enter into and become a part of every contract of indemnity by and between the members and the society, and govern all rights thereunder," such agreement should not be construed as giving defendant the right, after the issuance of the certificate, to so legislate as to unreasonably affect existing rights or modify obligations already entered into. It is the general holding of courts that by-laws enacted pursuant to such reserve power on the part of the society must be reasonable, and they will not be upheld in so far as they seek to unreasonably modify existing contracts between the society and its members. This very by-law was before the supreme court of Iowa in *Olson v. Modern Woodmen,* 164 N. W. 346, where in an elaborate opinion, well fortified by logic and authority, it was held that it could not affect existing contracts. We agree with the conclusion. The trial court correctly directed the verdict in favor of the plaintiff.

We come now to the question of whether the trial court erred in overruling defendant's motion for a new trial upon the ground of newly discovered evidence. We approach the consideration of this question with full appreciation of the rule obtaining in this court that

"The granting or refusing of a new trial on the ground of newly discovered evidence is to some extent a matter of discretion on the part of the trial judge, and, when in his discretion he denies the motion, it must be a clear case of mistake in the exercise of such discretion which will justify this court in reversing his order." *Grace v. McArthur,* 76 Wis. 641 (45 N. W. 518), at pp. 650 and 651, and cases there cited.

It should be noticed that the newly discovered evidence is not merely cumulative nor is it confined to a collateral issue which might affect the ultimate result either way. It goes directly to the ultimate fact involved, namely, whether Byron C. Sweet is alive or dead. The showing made on the motion for a rehearing is quite convincing that there is a man in Port Arthur, Ontario, Canada, who bears the name of Byron C. Sweet and that it is the understanding on the part of the chief of police of that city as well as some others that this same man formerly resided in the city of Superior. It also appears that a number of persons who knew Byron C. Sweet during the time he lived in Superior have seen him in the vicinity of Port Arthur, Canada, at various times subsequent to the time when his wife ceased to hear from him, some of whom will testify that he was alive as late as 1915. With such a showing it would, in our opinion, be unconscionable to permit this judgment to stand, resting as it does on a mere presumption of law that Sweet is dead because of a seven years' absence, during which time his family has not heard from him. Every consideration of justice plainly requires that the defendant have an opportunity to submit the evidence that it now has upon the question of Sweet's death upon another trial.

It is claimed on the part of the plaintiff that the motion for

a new trial is not accompanied by a showing of proper dili-
gence on the part of the defendant.	In this connection it
must be remembered that the plaintiff herself, who is the per-
son most likely to know of the whereabouts of her husband,
testified that she had not heard from him since about
Thanksgiving, 1909, and that she was wholly uninformed as
to his whereabouts.	When those who are most likely to
hear from the absent one are unable to give any information
as to his whereabouts, and assert, impliedly at least, their
belief that he is dead, it is not reasonable to charge the de-
fendant society with the burden of further investigation, un-
der penalty of denying it the opportunity of showing the
facts when it is subsequently discovered that the one claimed
to be dead is in fact alive.	Plaintiff's contention in this re-
spect cannot be sustained.

A question of practice argued in the briefs should be no-
ticed.	Upon the hearing of the motion for a new trial the
trial court permitted the introduction of oral testimony on
the part of the plaintiff over the objection of the defendant.
Defendant assails this practice.	Plaintiff contends that the
reception of oral testimony upon the hearing of a motion of
this character is within the discretion of the trial court, and
further asserts that this court cannot review the action of the
trial court because the oral testimony introduced has not
been certified in a bill of exceptions.	As above stated, these
arguments are made in the briefs.	The question thus dis-
cussed was laid out of the case when the parties upon the
oral argument stipulated that this court might consider what
purports to be such evidence appearing in the record.	A de-
sire was expressed, however, by counsel at the time of enter-
ing into the stipulation that this court decide the question
thus argued.	We have examined the same sufficiently to
convince us that there is much doubt concerning the practice
of permitting oral testimony to be given upon the hearing of
a motion of this kind, and, in view of the fact that the ques-
tion is no longer material in this case by reason of the stipu-

lation above referred to, we refrain at this time from expressing any opinion with reference thereto.

*By the Court.*—The judgment and order appealed from are reversed, and the cause remanded with directions to grant a new trial on the ground of newly discovered evidence. No costs to be taxed. Appellant to pay the clerk's fees.

A motion for a rehearing was denied, with $25 costs, on June 25, 1919.