RIETBROCK, Respondent, vs. STUDDS, Appellant.*

*May 6—June 3, 1952.*

---

*Motion for rehearing denied, without costs, on September 16, 1952.

6

The cause was submitted for the appellant on the briefs of *Love, Davis & Gramling* of Waukesha, and for the respondent on the brief of *James D'Amato* and *Lowry & Hunter,* all of Waukesha.

GEHL, J. Defendant contends that the note and agreement, construed as one instrument, are void as an agreement to circumvent the bankruptcy laws. His attack is directed against the provision of paragraph 6, that defendant will not in the event of bankruptcy proceedings list the note as a dischargeable debt. He urges that it is illegal because its performance is forbidden by statute or is made a crime; specifically, that its performance is forbidden by sec. 152, 18 U. S. Code (1946 ed.), Supp. IV, which provides:

"Whoever knowingly and fraudulently makes a false oath or account in or in relation to any bankruptcy proceeding . . . shall be fined, . . ."

The mere making of a false oath is not prohibited by the statute. To constitute the offense the oath must be made fraudulently. The agreement does not disclose a purpose on the part of either of the parties to defraud the other or defendant's other creditors. Without a showing of such intent there is no violation of the statute. *In re Ronka* (D. C. Mass.), 34 Fed. Supp. 837. To constitute a violation of the statute there must be proof of actual fraud and "the falsehood must be intended to mislead the creditors as to some fact material for creditors to know. Otherwise it is not fraudulent within the meaning of the statute." *Willoughby v. Jamison* (8th Cir.), 103 Fed. (2d) 821, 824. Under the circumstances here presented it is not possible to determine that the performance of the agreement would operate to the prejudice of defendant's other creditors in the event of bankruptcy proceedings. On the contrary, it is more likely that they would benefit if he should, in bankruptcy proceedings, omit from his schedules the name of plaintiff as one of his creditors.

The agreement on the part of the defendant to execute a new note after a discharge in bankruptcy for the amount of the balance then due on the original is not invalid. It is not a violation of another provision of sec. 152, 18 U. S. Code, which is:

"Whoever knowingly and fraudulently gives, offers, receives, or attempts to obtain any money or property, . . . for acting or forbearing to act in any bankruptcy proceeding . . . shall be fined. . . ."

An essential element of the offense is lacking here. There is no agreement on the part of plaintiff to act or forbear to act in bankruptcy proceedings. The provision is not invalid as a violation of the statute. In fact, similar agreements

have been held to be enforceable. *Meyer v. Price,* 250 N. Y. 370, 165 N. E. 814, *Zavelo v. Reeves,* 227 U. S. 625, 33 Sup. Ct. 365, 57 L. Ed. 676. The motion for summary judgment was properly denied.

*By the Court.*—Order affirmed and cause remanded for further proceedings according to law.

The following opinion was filed September 16, 1952:

GEHL, J. (*on motion for rehearing*). We consider that our reasons for affirming the judgment were not sufficiently stated in our original opinion and that we were in error in stating that Studd's agreement not to include the debt represented by the note in his schedule of liabilities in case that he filed a petition in bankruptcy is not unenforceable as an illegal contract. That statement must be withdrawn in view of what is said and held in the cases called to our attention for the first time in defendant's brief on motion for rehearing, *In re Schnabel* (D. C. Minn.), 61 Fed. Supp. 386, *In re Slocum* (C. C. A. 2d Cir.), 22 Fed. (2d) 282, *In re Strotz* (D. C. Cal.), 61 Fed. Supp. 565. We are convinced that we should, if we were required to, accept the reasoning and conclusion of the courts in those cases in each of which it was held that such an agreement is a fraudulent one.

If in this action we were called upon to enforce the provision, we should be compelled to deny the demand. That is not the case, however. It should be noted that the question in each of the three cases cited was presented upon a bankrupt's application for a discharge. The question of the enforceability of the provision was not before the court, although the reasoning of the courts would compel the conclusion that it is not enforceable.

In the instant case we are asked to deny enforcement of the terms of the note, not the terms of the invalid provision of the collateral agreement. The agreement to pay the amount of the note is separable from that contained in the collateral

instrument. The note itself is a lawful promise based on a good consideration, unless, of course, the other defenses set forth in the proposed answer should be established by proof, which matters are not before the court at this time. In order to recover upon the note the plaintiff was not required to trace his right through the illegal provision of the collateral agreement.

"A bargain collaterally and remotely connected with an illegal purpose or act is not rendered illegal thereby if proof of the bargain can be made without relying upon the illegal transaction." Restatement, 2 Contracts, p. 1108, sec. 597.

"If the contract or obligation does not depend upon, or require the enforcement of, the unexecuted provisions of the illegal agreement, it will be carried out." 12 Am. Jur., Contracts, p. 718, sec. 211.

"Where one can establish his case without reliance on an illegal transaction, the illegality will not bar his recovery." 17 C. J. S., Contracts, p. 663, sec. 276.

The facts which we have for consideration are quite similar to those in *Marshall v. Wittig,* 213 Wis. 374, 251 N. W. 439. There the action was brought to recover on a note which contained provisions in the usual form for the confession of judgment, and stipulated "to release right of appeal." The defendant contended that because of the words in the note agreeing "to release right of appeal" the contract was contrary to public policy and not enforceable. The court said (p. 378):

"These words add very little, if anything, to the power the signer of the note gave by his authorization to confess judgment for the amount thereof. The authorization goes as far without the words objected to as it does with them in the instrument, but if serious fault exists because of their use they are so circumstanced that they are severable and may be ignored. The cases relied upon by the appellant, *Wight v. Rindskopf,* 43 Wis. 344; *Lowe v. Crocker,* 154 Wis. 497, 143 N. W. 176, and *Rock v. Ekern,* 162 Wis. 291, 156 N. W. 197, do not support his claim that the whole

of this agreement is void. They recognize the general rule that contracts repugnant to justice or founded on an immoral consideration, or which are against the general policy of the law, are void. Judgment notes, however, have been accepted as legal contracts entitled to full force and effect, and the only stipulation in this one that is subject to question does not interfere with appellant's exercising his full right to protect his interests if violated. In no event can the words complained of have the effect insisted upon of rendering the note void in the absence of fraud or some undue advantage taken of the appellant, for there would still remain a lawful contract with valid and legal covenants to be enforced."

Under the rule of the *Marshall Case,* in which, it should be noted, the illegal provision dealt with was contained in the note itself, while here it is found in a collateral agreement, it must be held that the motion for summary judgment was properly denied.

*By the Court.*—Motion for rehearing denied without costs.