LEHMANN and another, Appellants, v. WAUKESHA COUNTY HIGHWAY COMMISSION, Respondent.

*November 1—November 28, 1961.*

For the appellants there was a brief by *Eisenberg &
Kletzke,* attorneys, and *Andrew F. Slaby* of counsel, all of
Milwaukee, and oral argument by *Mr. Sydney M. Eisen-
berg* and *Mr. Slaby.*

For the respondent there was a brief by *Harold J. Wol-
lenzien,* corporation counsel, and oral argument by *Mr.
Wollenzien* and *Mr. Willis J. Zick,* assistant corporation
counsel.

FAIRCHILD, J.   It appears that Waukesha County High-
way Commission intends to widen County Trunk K along
the southern edge of plaintiffs' property and Pewaukee road
along the eastern edge of plaintiffs' property, and claims an
easement to a depth of 33 feet on the southern and eastern
edges of plaintiffs' land.  Plaintiffs seem to contend in argu-
ment here either that the two roads were laid out so that
the full width lies entirely outside the boundaries of their
property, or that as a result of long-continued use of land
outside the boundaries the public has lost any easement it
had over plaintiffs' land.  Although a demurrer was inter-
posed to plaintiffs' complaint, the circuit court has not
decided whether the facts alleged in the complaint would
support a judgment establishing plaintiffs' title against the
claim of defendant.  We therefore do not decide that ques-
tion.

Plaintiffs applied for a temporary injunction and ob-
tained an *ex parte* restraining order until their appli-
cation could be heard.  They showed by affidavit that
defendant, unless restrained, will destroy trees, shrubbery,
and a well located in the strips in question.

1. *Temporary injunction.* Sec. 268.02 (1), Stats., pro-
vides:

"When it appears from his pleading that a party is entitled to judgment and any part thereof consists in restraining some act, the commission or continuance of which during the litigation would injure him, or when during the litigation it shall appear that a party is doing or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act."

The only question before this court is whether the trial court abused its discretion in refusing to grant the temporary injunction. The statute provides the reasons for which a temporary injunction *may* be granted.[1]

If plaintiffs establish their rights as claimed, the judgment will so declare, and if the defendant highway commission shall already have occupied the land, plaintiffs will be entitled to institute a proceeding for compensation under sec. 32.10, Stats. If it were reasonably to be anticipated that plaintiffs would be entitled to an injunction if they prevailed upon the merits, it could be said that if defendant destroyed the trees and other property in the meantime, the final judgment would be rendered ineffectual.

Upon the present record, however, there is no reason to anticipate that plaintiffs would be granted an injunction even if they prevail upon the merits.

In *Briggson v. Viroqua* [2] this court held:

" 'Where substantial redress can be afforded by the payment of money, and issuance of an injunction would subject the defendant to grossly disproportionate hardship, equitable relief may be denied, although the wrongful acts are undisputable.' "

In *Hurley v. Kincaid* [3] the plaintiff brought suit in the federal district court to enjoin the Mississippi river commis-

[1] *Bartell Broadcasters v. Milwaukee Broadcasting Co.* (1961), 13 Wis. (2d) 165, 171, 108 N. W. (2d) 129.

[2] (1953), 264 Wis. 47, 60, 58 N. W. (2d) 546.

[3] (1932), 285 U. S. 95, 104, 52 Sup. Ct. 267, 76 L. Ed. 637.

sion from constructing certain levees which would result in a flooding of his land. The government was proposing to commence the work without having instituted condemnation proceedings. The United States supreme court, Mr. Justice BRANDEIS delivering the opinion, held:

"For even if the defendants are acting illegally, under the act, in threatening to proceed without first acquiring flowage rights over the complainant's lands, the illegality, on complainant's own contention, is confined to the failure to compensate him for the taking, and affords no basis for an injunction if such compensation may be procured in an action at law. The Fifth amendment does not entitle him to be paid in advance of the taking."

In the present case plaintiffs do not contend that the county could not condemn their land, but rather that the county has not condemned it. The commission has not instituted condemnation proceedings because it contends that it has an easement in the lands in question. In *Ferguson v. Kenosha* [4] the state aeronautics commission was about to enter plaintiffs' land to remove the buildings and substantial portions of the topsoil. Plaintiffs alleged that the proposed taking of their land was constitutionally invalid. This court held that an injunction might issue because there would be a probability of plaintiffs' recovering permanent possession of their property if they prevailed, and removal of buildings and topsoils in the meantime would be irreparable injury. We recognized there, however, that a different situation would be presented if the plaintiff owners claimed and established no more than defects of procedure. In *Ferguson*, there was no question of the plaintiffs' title, as here.

No reason appears in the record why the Waukesha County Highway Commission would be unable to condemn the land in question if it does not have the easement it claims. The purpose of widening the highway is a lawful

[4] (1958), 5 Wis. (2d) 556, 93 N. W. (2d) 460.

public purpose. Plaintiffs could not challenge the county's determination of necessity except by establishing fraud, bad faith, or gross abuse of discretion.[5] There is nothing in the record to suggest that the defendant's claim to an easement is not made in good faith and upon arguable grounds. The circuit court did not abuse its discretion in refusing to grant the temporary injunction.

2. *Stay of execution.* Plaintiffs contend that the circuit court abused its discretion in failing to continue the restraining order until decision of this appeal.[6] In view of our affirmance of the other orders, this question is moot.

*By the Court.*—Orders dissolving restraining order and denying temporary injunction affirmed; appeal from order denying stay of execution dismissed.

---

[5] *Brausen v. Daley* (1960), 11 Wis. (2d) 160, 105 N. W. (2d) 294; *Branch v. Oconto County* (1961), 13 Wis. (2d) 595, 109 N. W. (2d) 105.

[6] Sec. 274.25, Stats.