BLOOMQUIST, Appellant, v. BETTER BUSINESS BUREAU OF MILWAUKEE and another, Respondents.

*May 3—June 5, 1962.*

For the appellant there was a brief and oral argument by *Edwin C. Rachow* of Milwaukee.

For the respondents the cause was submitted on the brief of *Foley, Sammond & Lardner, Steven E. Keane,* and *John R. Collins,* all of Milwaukee.

FAIRCHILD, J. 1. *Appealability of order.* By statute, an order which grants, refuses, modifies, or dissolves an injunction is appealable.[1] In *Nash v. Meggett*[2] this court held that a particular restraining order was not appealable because it was not final, as required of orders made appealable by present sec. 274.33 (2), Stats. Finality of the order is not a requirement, however, of sec. 274.33 (3), and this holding of *Nash v. Meggett, supra,* is overruled. On many occasions this court has considered appeals from orders refusing or dissolving temporary injunctions.[3] The order here involved is appealable.

[1] Sec. 274.33 (3), Stats.

[2] (1895), 89 Wis. 486, 495, 61 N. W. 283.

[3] For recent illustrations, see *Bartell Broadcasters v. Milwaukee Broadcasting Co.* (1961), 13 Wis. (2d) 165, 108 N. W. (2d) 129; *Scheer v. Weis* (1961), 13 Wis. (2d) 408, 108 N. W. (2d) 523;

2. *Discretion of court in refusing a temporary injunction.* The question ordinarily raised by an appeal from an order refusing a temporary injunction is whether the trial court abused its discretion.[4] Except for the court's refusal to hear testimony, plaintiff does not argue that there was any abuse of discretion by the circuit court.

3. *Plaintiff's claimed right to present testimony.* Plaintiff evidently believes his motion could have been more persuasively presented if he had been permitted to offer the testimony of witnesses. He argues that he had an absolute right to present testimony, or that at least the court abused its discretion in denying the opportunity. He relies upon a statute relating to hearings on motions, generally. Sec. 269.32 (3), Stats., provides:

"When a notice of a motion for an order has been served either party may take depositions, on notice, to be used on the hearing of such motion. *Testimony may be taken on the hearing* and such testimony shall be transcribed, certified, and filed at the expense of the party offering the same unless otherwise ordered." (Emphasis supplied.)

We understand the italicized words as authorizing the court to hear testimony in order to resolve an issue of fact, the determination of which is necessary or proper in order to decide a motion. This statute applies to motions generally, not specifically to a motion for temporary injunction. Plaintiff, in substance, asked the circuit court to determine, on a motion for temporary injunction, the same issues of fact, going to his right to relief, that must be determined upon the trial of the action. The record does not suggest

*Lehmann v. Waukesha County Highway Comm.* (1961), 15 Wis. (2d) 94, 112 N. W. (2d) 127.

[4] *Bartell Broadcasters v. Milwaukee Broadcasting Co., supra,* footnote 3; *Lehmann v. Waukesha County Highway Comm., supra,* footnote 3.

that these issues are not genuine, nor that they will not be sharply contested. In another case, we pointed out the existence of sharp issues on the merits as support for the refusal of a temporary injunction.[5] The statute relied on does not, in our view, compel a court, upon a motion for temporary injunction, to try issues going to the merits of the action.

Many years ago there was doubt of the propriety of a court's hearing testimony on any motion.[6]

In 1934, the provision relied on by plaintiff was inserted by rule of this court.[7] The language used indicates that a court is authorized to take testimony on a motion at its discretion. Parties *present* or *offer* testimony; a court *takes* testimony. The use of the word "may" suggests that the taking of testimony is not mandatory, and the use of the word "taken" suggests that the court is the arbiter as to whether oral testimony should be taken in the particular circumstances.

The circuit court did not abuse its discretion in refusing to take testimony in this instance. Judge GORDON indicated that the issues pertinent to the motion went to the merits and would have to be decided upon the trial. He indicated

[5] *Bartell Broadcasters v. Milwaukee Broadcasting Co., supra,* footnote 3.

[6] "The court is not bound to hear a witness on the stand at the argument of a motion, particularly as it is not the practice." *Fowler v. Colton* (1843), 1 Pin. 331, 339. Hearing oral testimony upon a motion cannot be allowed because there is no provision for preserving a record of the evidence. *Carr v. Commercial Bank of Racine* (1864), 18 Wis. 268 (*255), 269 (*256). There is much doubt concerning the practice of permitting oral testimony upon the hearing of a motion. *Sweet v. Modern Woodmen* (1919), 169 Wis. 462, 468, 172 N. W. 143. The question is left open, one of the objections being that there is no way of preserving the testimony for review upon appeal. *Will of Bilty* (1920), 171 Wis. 20, 24, 176 N. W. 220.

[7] (1934), 212 Wis. p. x, amended to present form 217 Wis. pp. vii, viii.

that a very early date for trial could be arranged. Having heard counsel's summary of the proposed testimony, he concluded that even if the witnesses testified accordingly, the temporary injunction should not be granted.

*By the Court.*—Order affirmed.

GORDON, J., took no part.