Jones and another vs. Roberts and another.

of a court of equity, that court, in granting the relief, will not take away the fruit of honest labor.  *Macon v. Huff*, 60 Ga. 221.

Jones and another, Respondents, vs. Roberts and another, Appellants.

*March 18 — June 11, 1897.*

*Wills: Probate: Court and jury: Immaterial errors: Mental competency: Expert testimony: Proof of execution: Costs, when payable out of estate: Rehearing: Appeal: Guardian ad litem.*

1. In a proceeding in the circuit court to probate a will errors of the trial court in instructing the jury and in exerting undue pressure to secure an agreement, are not material, the proceeding being equitable and the verdict advisory merely.

2. A finding of fact that a testatrix was mentally competent at the time of the execution of a will will not be disturbed as against the preponderance of the evidence because contrary to the testimony of a large number of experts and non-experts that she was of unsound mind, where there was credible evidence respecting her actions before, at the time, and after, the will was executed, indicating that she fully comprehended what she was doing when she made it, and that her acts were uninfluenced by any person; it being the province of the court or jury to give such opinion evidence so much weight only as they may conclude it to be entitled to, or to reject it altogether.

3. Where a person signs his will by making his mark, and it is otherwise properly executed, it may be established, even when contested, by the evidence of one subscribing witness and the testimony that the other actually signed as such, together with corroborating evidence sufficient to satisfy the court of all the statutory requisites, if the absence of the witness not produced is satisfactorily accounted for.

4. The proper practice to secure the modification of a judgment in a contested will case so as to make the costs payable out of the estate is by motion for that purpose and not by motion for a rehearing.

5. Where the contestant of a will has acted in good faith in taking an appeal to the supreme court, and the questions of law or fact involved are worthy of consideration, the court will order the costs taxed against him on the appeal to be paid out of the estate.

Jones and another vs. Roberts and another.

6. Sec. 4041*a*, S. & B. Ann. Stats. (prohibiting the payment of the costs of an unsuccessful contestant out of the estate, except in certain cases), is applicable only to costs in the county and circuit courts.

7. A guardian *ad litem* may take an appeal without leave of court, and it is his duty to do so if, after a careful examination of the case, he deems that course necessary for the protection of his ward.

APPEAL from a judgment of the circuit court for Waukesha county: WARHAM PARKS, Circuit Judge. *Affirmed.*

Susan Jones, an old lady about seventy-five years of age, who could not read or write, died, leaving in the possession of one Morris Jones an instrument purporting to be her last will and testament, disposing of property of the value of about $1,400. The evidence tends to show that such instrument was drawn at the testator's request by Dr. Vernon, her family physician, was signed by her by making her mark, was witnessed by Dr. Vernon and George Greesley, and thereafter delivered to Morris Jones by the testator, with instructions to keep it until her death and then deliver it to the county judge. The will was delivered according to the deceased's instructions, and on the proceedings before the county judge to have the same proven and admitted to probate such judge decided that the instrument was void for want of testamentary capacity of the testator. An appeal was taken from such decision to the circuit court. On the trial of such appeal a jury was impaneled, and a verdict taken respecting certain questions of fact. Various exceptions were taken to the instructions given by the trial court to the jury, and to the conduct of the trial judge in respect to calling the jury from their jury room occasionally, during their deliberations, and admonishing them to agree upon a verdict.

On consideration of the evidence by the trial judge, the verdict of the jury was adopted, and findings were thereupon duly filed, in substance as follows: (1) That the testator signed the instrument purporting to be her last will

and testament April 12, 1894, and that she then knew its contents; (2) that she signed the same in the presence of T. H. Vernon and George Greesley, who then and there, in her presence, and in the presence of each other, subscribed their names thereto as witnesses; (3) that at the time of such witnessing and signing the testator was of sound and disposing mind, and that she made such will of her own free will; (4) that the execution of the will was duly established, and entitled to be admitted to probate accordingly.

In accordance with such findings, judgment was entered reversing the judgment of the county court, and establishing the will, and admitting the same to probate. Various exceptions to such findings, and to the conclusions of the trial court, were properly filed, and an appeal taken from the judgment to this court by the contestants.

For the appellants there was a brief by *Carney, Clasen & Walsh,* and oral argument by *E. D. Walsh.* They contended, *inter alia,* that in New York under a statute similar to our own probate of a will will be denied when the testimony of one subscribing witness, proving all the facts essential to the execution of a will by the testator's mark, is wholly uncorroborated by any person who knew the fact of the mark being affixed by the testator. *In re Phelps' Will,* 5 N. Y. Supp. 270; *In re Walsh's Will,* 1 Tuck. 132; *In re Reynolds,* 4 Dem. Sur. 68; *In re Smith's Will,* 15 N. Y. Supp. 425; *Rugg v. Rugg,* 83 N. Y. 592; *Robinson v. Brewster,* 140 Ill. 649; *Hobart v. Hobart,* 154 Ill. 610; *Warden v. Van Gieson,* 6 Dem. Sur. 237.

For the respondents there was a brief by *T. C. Martin,* attorney, and *Chafin & Parkinson,* of counsel, and oral argument by *E. W. Chafin.*

The following opinion was filed April 7, 1897:

MARSHALL, J. The errors assigned on exceptions to the instructions to the jury, and the manner such jury was

pressed by the trial judge to agree upon a verdict, need not. be discussed at length. Whether any of such instructions. were erroneous or not, or whether there was undue pressure from the bench to secure an agreement by such jury, is not material, inasmuch as the verdict was only advisory in character. This being an equity case, where the right to a trial. by jury was not a matter of right but of judicial discretion, the trial court might, at any stage of the case, in the exercise of such discretion, have revoked the submission of questions of fact to a jury, and determined them for itself, or have entirely disregarded their verdict in the making up of its finding. *Will of Carroll,* 50 Wis. 437; *Gunn v. Madigan,*. 28 Wis. 158; *Gill v. Rice,* 13 Wis. 549; *Williams v. Williams,* 82 Wis. 393.

Error is assigned on exceptions to the findings of fact respecting the testamentary capacity of the testator. We fail to find any legitimate basis for disturbing such findings. The rule applies that findings of fact made by the trial court can be disturbed only when it clearly appears that they are contrary to the preponderance of the evidence, and that. there is no legitimate basis in such evidence upon which they can stand. To be sure, there is a large amount of evidence by non-experts, and some by experts, that the testator was. of unsound mind when the will was made. But there is considerable credible evidence respecting how the testator acted before, at the time of, and after the will was executed, indicating that she comprehended fully what she was doing when she made the will, and that she acted uninfluenced. by any other person. Hence the presiding judge, who had the benefit of seeing the witnesses and hearing them testify, might very properly have rejected mere opinion evidence of a large number of witnesses that the deceased was not of sound mind. Such evidence, even when given by experts, is often of the most unsatisfactory character and entitled to little or no weight. It is for the court or jury to give to.

such. evidence just such weight as such court or jury may
conclude the same is entitled to. It may be given control-
ling influence if, from the whole case, a conclusion is reached
that it is entitled to that weight; and it may be rejected
altogether if the conclusion is reached that it is not of suffi-
cient weight to influence the result. In *Barrett v. Hall*, 1
Mason, 448, Mr. Justice STORY said that he could not recol-
lect a case calling for opinion evidence that abundance of it
could not be produced on both sides equally credible. In
*Daniels v. Foster*, 26 Wis. 686, DIXON, C. J., said: "The un-
satisfactory nature of such evidence is well known. The
facility with which great numbers of witnesses may be mar-
shaled on both sides of such a question, all calling themselves
experts, . . . and equally honest, and confident that his
own theory or opinion is the only correct one, and yet all on
one side directly opposing all on the other, admonishes us of
the fallibility of such testimony, and of the great degree of
allowance with which it must be received." These expres-
sions of learned judges accord with our common experience.
We cannot say that the trial judge gave too little weight to
the large amount of opinion evidence produced.

The only other alleged error that need be specially re-
ferred to is that the court erred in finding that the will was
properly executed on the testimony of one witness. It was
argued that under sec. 3788, R. S., which provides that, if
the will is not contested, "the court may, in its discretion,
grant probate thereof on the testimony of one of the sub-
scribing witnesses only, if such witness shall testify that such
will was executed in all particulars as required by chapter
one hundred and three, and that the testator was of a sound
mind at the time of the execution thereof," in effect requires
more evidence than that of one subscribing witness if the
will be contested, especially when the testator signs by a
mark. Several New York cases are cited to sustain such

contention. In the first place, it must be observed that the rule adopted in such cases is based on the New York statute, which is different from that of this state; and, second, that our statute only provides a rule that the court may be governed by in noncontested cases, leaving all others as governed by the established practice on the subject, which, by the great weight of authority, requires the production of only one witness if the other be dead or his testimony cannot be procured on account of absence or otherwise. Schouler, Wills, § 179; 6 Wait, Act. & Def. 384. The furthest the New York courts have gone, even under their statute, which requires the testimony of two subscribing witnesses, or, if they cannot be produced, of their handwriting and that of the testator, in cases where the signature of the testator is by his mark, is that, if only one subscribing witness is produced, there must be corroborating evidence or circumstances. *In re Simpson's Will*, 2 Redf. 29; *In re Smith's Will*, 15 N. Y. Supp. 425.

We are not referred to any authority, and we are unable to find any, except *In re Walsh's Will*, 1 Tuck. 132, which was thereafter overruled, which holds that the testimony of two subscribing witnesses is necessary in a case of this kind. Here there was the testimony of one subscribing witness, who testified to all the statutory requisites, and that the other subscribing witness signed as such in his presence. That the instrument is what it purports to be is corroborated by the testimony of *Mary Roberts* to the effect that she went to Dr. Vernon's office with the testator, at her request, to have the will drawn; that at the request of the testator and Dr. Vernon she made a memorandum in writing of what the testator desired to have put in the will, and left the paper with Dr. Vernon, who testified that he drew the will accordingly. Then there is the testimony that the testator, immediately after the will was executed, took it into her pos-

·session.  Then the testimony of Morris Jones to the effect that the testator brought the paper to him at his house; that she had theretofore told him that she was going to have her will changed, speaking of a will previously drawn; that when ·she brought the paper in question to his house she handed it to him, saying that it was her will, and that she desired him to keep it till her death, and then deliver it to the county judge.  Even if the rule which prevails under the New York statute were to be applied, the foregoing corroborating evi-. ·dence would be sufficient, with the evidence of one subscribing witness, to *prima facie* prove the execution of the will, and establish it.  In short, we hold that where a person ·executes his will by signing by his mark, and it is otherwise properly executed, it may be established,. even when contested, by the evidence of one subscribing witness and the testimony that the other actually signed as such, together with corroborating evidence sufficient to satisfy the court ·of all the statutory requisites, if the absence of the witness not produced is satisfactorily accounted for.

*By the Court.*— The judgment of the circuit court is affirmed.

The following opinion was filed June 11, 1897:

MARSHALL, J.  A motion for a rehearing was made in this ·case solely for the purpose of obtaining a direction that the costs taxed in this court against the appellants be paid out of the estate of the testator.  A rehearing for that purpose is not necessary.  Therefore, in accordance with the uniform practice in such cases, the rehearing must be denied, but the motion considered, nevertheless, as one relating to the subject of costs, and disposed of in that regard in accordance with the rights of the parties.

The established rule is, where the contestant of a will has acted in good faith in taking an appeal to this court, and

the questions of law or fact involved are worthy of consideration, to order the costs taxed against such contestant paid out of the estate. *Will of Smith*, 52 Wis. 543; *Will of Silverthorn*, 68 Wis. 372; *In re Pierce's Estate*, 56 Wis. 560. In our opinion this case comes within that rule. Sec. 4041*a*, S. & B. Ann. Stats., relating to costs of contestants, refers solely to county and circuit courts. It does not affect the rule which has always prevailed in this court. The fact that one of the appellants was represented by a guardian *ad litem*, and that he took the appeal without leave of court, does not affect the question of costs. He not only had a right to take the appeal, but it was his duty to do so, if, after a careful examination of the case, he deemed that course necessary for the protection of his ward. *Tyson v. Tyson*, 94 Wis. 225.

*By the Court.*— The motion for a rehearing is denied, but without costs, and it is ordered that there be added at the foot of the judgment a direction that the costs taxed and allowed according to law against the appellants be paid out of the estate of the deceased, Susan Jones.