DAVIS, Appellant, vs. DAVIS and another, Respondents.

*March 23—May 21, 1907.*

*Wills: Construction: Costs: Discretion: Appeal: Costs payable from estate.*

1. By the terms of a will a trust was created in the residue of testator's estate and it was directed that the net income thereof be paid to his widow and his two sons in equal parts during the life of each. Item 11 of the will then directed that in the event of the death of a son leaving a widow and children one third of the proportion of said income to which said son would be entitled if living should be paid to his widow while she remained unmarried, and the remaining two thirds should go to his children; and that in the event of the death of a son leaving a widow and no issue the widow should receive during the time she remained unmarried the income which her husband would have been entitled to had he lived. A codicil provided that on the death of either of the sons "one third of that portion of the income of the trust estate" which by the will was directed to be paid to him during his life should be paid to his widow "during her natural life, instead of while she shall remain unmarried, as was directed in item No. 11 of said will." *Held,* that the widow of a son dying without issue was entitled to one ninth only of the income of the trust estate during her life.

2. In a proceeding commenced by trustees for construction of a will, costs in the circuit court are *held* to have been properly allowed, under the discretion given by sec. 2918, Stats. (1898), in favor of certain legatees as the successful parties against another legatee who contended for a different construction.

3. The appeal from a judgment construing a will having been taken in good faith, and the questions presented being worthy of consideration, the costs awarded to respondents on affirmance are directed to be paid out of the estate.

APPEAL from a judgment of the circuit court for La Crosse county: CHESTER A. FOWLER, Judge. *Affirmed.*

The trustees of the estate of Aaron H. Davis, deceased, petitioned the court for the construction of the will of the deceased. It appears that the deceased died, leaving a will with a codicil; that probate thereof had been duly granted Septem-

ber 3, 1889 ; and that petitioners were the duly appointed and acting trustees to administer the trust created by the will. Under the terms of the will the residue of the estate, after making provision for some specific bequests and charges, was given in trust with directions to carry out the provisions of the will respecting such residue. In effect it was provided that the trustees were to receive the rents, profits, and income thereof and accumulate them up to March 24, 1906, to care for and manage such estate after payment of "all taxes, assessments, and insurance, and to make and pay for all necessary repairs on the homestead premises," given to testator's wife, "or such real estate as she shall have under the provisions of this will for her homestead." The will then provided :

"(9) To pay to my wife quarter-yearly from the date of my death, one third of the net income remaining of all said trust property and estate during her natural life.

"(10) To invest and accumulate the balance of said net income year after year until the 24th day of March, 1906, when said accumulated income shall be added to and become part and parcel of said trust fund and estate, and after which time the net income of all said trust estate not herein directed to be paid to my said wife, and for taxes, assessments, insurance, and repairs on her homestead, shall be paid in equal portions, quarter-yearly, to my said sons during their natural lives.

"(11) On the death of either of my sons the proportion of said income which he is entitled to receive during life shall be paid, quarter-yearly, to his wife and children as follows: One third to his widow while she shall remain unmarried, and so much as is not paid to his widow shall be paid to the guardian of his children for their education and maintenance, provided if either of my said sons leave him surviving a widow and no issue, then such widow shall receive, while she remains his widow and unmarried, the proportion of said trust estate which her husband would have been entitled to had he lived.

"(12) In case either of my sons shall die without issue, then the proportion of said income herein directed to be paid to his issue and his widow shall be paid to the surviving son

and his issue, quarter-yearly during their natural lives, subject to the provisions for payment to the widow of a deceased son during widowhood, and the further provisions of this will."

The codicil to the will was as follows:

"Be it remembered that I, Aaron H. Davis, of the city and county of La Crosse and state of Wisconsin, do make this my codicil, hereby confirming my last will made on the 15th day of March, A. D. 1886, so far as this codicil is consistent therewith, and do hereby will and direct that on the death of either of my said sons named in said will, one third of that portion of the income of the trust estate and property created in and by said will which is therein, in item No. 10 of said will, on page 3 of the same, directed to be paid to him during his natural life, subsequent to the 24th day of March, A. D. 1906, shall on his death be paid to his widow quarter-yearly during her natural life, instead of while she shall remain unmarried, as was directed in item No. 11 of said will, on page 3 of the same. And said will is modified as herein stated, and in no other respect."

The testator left surviving him a widow and two sons. The widow and one son, *William G.,* remain unmarried. The son *William G.* has no children or issue. The other son, Walter S., is now deceased. He left surviving him his widow, *Elizabeth S.,* but no children or issue. The circuit court adjudged that the testator's widow, *Mary E. Davis,* was entitled to one third of the net income of the trust estate during her natural life; that *Elizabeth S. Davis,* widow of testator's son Walter S., was entitled to one ninth of the net income of the trust estate from March 24, 1906, during her natural life; and that testator's son *William G.* was entitled to five ninths of the net income of the trust estate from March 24, 1906, during his natural life. This is an appeal by *Elizabeth S. Davis* from the judgment of the circuit court so construing the will and codicil.

For the appellant there was a brief by *Higbee & Higbee,* and oral argument by *E. C. Higbee.*

*Benjamin F. Bryant* and *George H. Gordon,* for the respondents.

The following opinion was filed April 9, 1907:

SIEBECKER, J.   From the provisions of the will, above stated, it is clear that testator created a trust estate of the residue of his estate, disposed of the net income thereof, and directed that such income should be received by his widow and his two sons in equal parts during the life of each.  The uncertainty arises as to the disposition made of this income in case of the death of either or both sons.  The provisions of the will as they stood before the codicil was executed are plainly to the effect that, in the event of the death of a son leaving a widow and children, one third of such net income which such deceased son was entitled to if living was to be paid to his widow while she remained unmarried, and the remaining two thirds to the son's children, with directions to apply it for their education and maintenance.  In the event that such son left no children, then his widow was to receive during the time she remained unmarried the income which the son would have had.  The testator, however, changed the provisions disposing of the net income of a deceased son by a codicil, set out in full in the foregoing statement.  The meaning and effect of this codicil and the changes it makes in the provisions of the will are the questions presented.

The phraseology of the codicil is somewhat involved and ambiguous, but an analysis of the different parts indicates that the testator intended to make provision for a deceased son's widow different from what he had provided in the will. The codicil, after expressing confirmation of the will, directs:

"That on the death of either of my said sons named in said will, one third of that portion of the income of the trust estate and property created in and by said will which is therein, in item No. 10 of said will, on page 3 of the same, directed to be paid to him during his natural life, subsequent to the 24th day of March, A. D. 1906, shall on his death be paid to his

widow quarter-yearly during her natural life, instead of while she shall remain unmarried, as was directed in item No. 11 of said will, on page 3 of the same."

Taking the operative clauses of this codicil it is manifest that the testator undertook to make no changes other than in the provision for a son's widow. From the context of the provision and the significance of the words employed it is reasonably plain that the provision made for such widow in the codicil was to be in place of whatever provision had been made for her in the will. Two points in making such provision are a specification of the part the widow should receive of the net income which the deceased son would have received had he lived, and the fixing of the period during which she should receive it. As to the first the codicil declares that "one third of that portion of the income," to which a son was entitled while living, "shall be paid to his widow." This is in itself a clear and definite determination of the share she is to have. This is followed by a direction as to when it shall be paid, and for what period, in these words: "quarter-yearly during her natural life." If testator had not followed this clause by the words, "instead of while she shall remain unmarried, as was directed in item No. 11 of said will," no uncertainty or ambiguity as to his intention could be said to exist. The provision as to the amount given to the widow for the period of her natural life, standing alone, is clear, if taken in its ordinary significance, freed from the succeeding clause. The insertion of the phrase "instead of while she shall remain unmarried" is explicable, however, upon the ground that the testator thereby laid stress upon the change he intended to make in the period during which she was to have this share of the net income, and he therefore specifically used the words, "as was directed in item No. 11 of said will." In this item of the will we find that he had fixed and limited whatever the son's widow received of the net income to the period during which she remained unmarried. This condition of the will

Davis v. Davis, 132 Wis. 54.

he evidently wanted to annul specifically, and thus referred to it in this manner by fixing the period during which she was to receive one third of the son's income of the trust estate, though he had accomplished the same result by limiting it in the preceding clause to the period of her natural life. It appears quite directly that this clause was added by the testator to emphasize his intention of providing for a son's widow for her life in the amount specified. This intention becomes more evident when the consequences flowing from the construction contended for by appellant are considered. If her claim that she, as a son's widow, is entitled to the income her husband received during his life, be sustained, it would result that, if such son left children, they would receive nothing of the income during the life of such son's widow. The whole tenor of the will and codicil seem opposed to such a result. We are of opinion that the circuit court held correctly that the son's widow was entitled to one ninth of the net income of the trust estate during life, and that testator's living son was entitled to five ninths thereof. . .

Appellant urges that the court erred in awarding respondents recovery of their costs against her. Nothing is submitted showing why appellant should be released from such liability, if the trial court in its proper discretion, under sec. 2918, Stats. (1898), awarded such recovery to them as the successful parties in the litigation. We find no grounds for reversal of the trial court's action in awarding respondents their costs and disbursements. *In re Donges's Estate,* 103 Wis. 497, 79 N. W. 786.

*By the Court.*—Judgment affirmed.

Upon a motion for a rehearing counsel for the appellant contended, *inter alia,* that the award of costs against her in the circuit court cannot be justified. The petition for construction of the will was presented by the trustees to the county court under ch. 163, Laws of 1905. The appellant

here took no more part in the proceedings in the county court than any other legatee. The county court rendered judgment construing the will, from which she took no appeal; but *William G. Davis* did appeal to the circuit court, and the circuit court pronounced a different judgment as to the proper construction of the will than had been pronounced by the county court. In *In re Donges's Estate,* 103 Wis. 497, the situation was entirely different, and the decision in that case offers no authority whatever for the taxation of costs against the appellant in this case.

The motion for a rehearing was denied May 21, 1907, but the mandate of this court was amended, the following opinion being filed:

SIEBECKER, J. We are persuaded that the decision affirming the judgment of the circuit court as to costs against appellant is correct. But the appeal to this court was unquestionably taken in good faith and the questions presented were worthy of consideration by this court, and therefore respondents' costs should be directed to be paid out of the estate. *Jones v. Roberts,* 96 Wis. 427, 70 N. W. 685, 71 N. W. 883. It is therefore

*By the Court.*—Ordered that the judgment and mandate of this court be amended so as to direct that the judgment is affirmed, with costs to be taxed and paid out of the estate.

CASSODAY, C. J., took no part.