WILL OF BILTY: McCALL, Appellant, vs. BILTY, Respondent.

*January 16—February 10, 1920.*

*Continuance: Absence of material witness: Discretion of court: Witness in military service in France: Witness having testified on former trial: Diligence in procuring testimony of absent witness: Failure to show when return of witness is expected: Appeal: Reversal of judgment because of refusal of continuance: Wills: Attorney's fees on appeal: Trial: Oral testimony on hearing of motion.*

1. An application for a continuance of an action because of the absence of a material witness is addressed to the sound discretion of the trial court.
2. A judgment cannot be reversed because of the refusal of the trial court to grant an application for continuance, unless the court abused its discretion.
3. Where a case was on the calendar for two terms before an absent witness had entered the military service, and where no effort was made to take his deposition during such time or during the time he was in camp in this country, though he was one of the attorneys and had testified in the county court, an application for a continuance because of his absence in military service in France was properly denied for lack of diligence in procuring his testimony.

4. The continuance of a will contest case in the circuit court be-
   cause of the absence of a witness was properly refused,
   where such witness had testified fully in the county court,
   such testimony being admissible in evidence upon the trial
   in the circuit court under sec. 4141a, Stats.

5. Where the action had been pending for two years in the circuit
   court, an application for continuance which did not indicate
   when the absent witness would return from France or when
   his testimony could be procured was properly denied, in the
   absence of a persuasive showing that justice would miscarry
   unless the continuance should be granted.

6. Oral testimony taken upon the hearing of a motion does not
   become a part of the record upon the mere certificate of the
   court reporter. Whether under any circumstances oral testi-
   mony is proper upon the hearing of an ordinary motion,
   *quære.*

7. Where the contestant of a will has acted in good faith in taking
   an appeal to this court, and the questions of law or fact
   involved are worthy of consideration, this court will order
   the costs taxed against contestant to be paid out of the estate.

8. Where proponent, on appeal from a judgment of the county
   court denying probate of the will, failed to appear in the cir-
   cuit court or offer any testimony in support of the will, on
   appeal from a judgment dismissing such appeal he was not
   entitled to attorney's fees out of the estate, under sec. 4041b.

APPEAL from a judgment of the circuit court for Mil-
waukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

The appeal is from a judgment of the circuit court dis-
missing an appeal from a judgment of the county court of
Milwaukee county denying probate of the will of Jennie
Bilty, deceased. The appeal from the county court to the
circuit court was perfected in November, 1916, and the
cause was on the circuit court calendars for the January,
April, and July, 1917, terms, and thereafter until the 9th
day of January, 1919, at which time the proponent of the
will made an application for a continuance on the ground
that John Devos, a member of the law firm representing the
proponent, and the one who drew the will, was a material
witness, and that he was at that time in the military service
of the United States, in France, and his attendance could
not be procured at the trial. The court denied the applica-

tion for a continuance.   The matter was reached for trial, and the proponent failed to appear or offer any testimony in support of the will.   Whereupon the court entered judgment dismissing the appeal and remitting the case to the county court with directions to proceed as provided by law. The proponent appealed from that judgment.

The cause was submitted for the appellant on the brief of *McGovern, Hannan, Devos & Reiss* of Milwaukee, and for the respondent on that of *L. A. Zavitovsky,* attorney, and *W. H. Churchill,* of counsel, both of Milwaukee.

OWEN, J.   Appellant contends that the judgment should be reversed because the circuit court erred in denying her application for a continuance of the case over the term. The application for a continuance, by reason of the absence of a material witness, is addressed to the sound discretion of the trial court.   *Schamper v. Ullrich,* 131 Wis. 524, 111 N. W. 691; *Miller v. State,* 139 Wis. 57, 119 N. W. 850. The judgment cannot be reversed, therefore, unless the trial court abused its discretion in refusing to grant the application.

The application was properly denied for the following reasons:

1. There was no showing of diligence to procure the testimony of Mr. Devos.   The case was on the calendar at the January and April terms of the circuit court for the year 1917.   Mr. Devos was one of the attorneys for the proponent.   He entered the military service in May, 1917, from which time until August 15, 1917, he was at Fort Sheridan.   During this period he was in Milwaukee frequently.   No effort was made to take his deposition for use upon the trial, but, knowing that the cause was on the calendar and in due course would be reached for trial, the witness was permitted to leave Fort Sheridan and go to France without the least effort on the part of proponent or her attorneys to secure his deposition for use upon the trial.

2. Mr. Devos testified fully upon the trial of the matter in the county court. A perusal of the testimony there given leaves the impression that he testified fully concerning the competency of the testator and as to all circumstances attending the execution of the will. His testimony given at that trial was admissible in evidence upon the trial in the circuit court. Sec. 4141a, Stats. In addition to the authority of that section, the contestants offered to stipulate that his evidence given in county court might be read in evidence upon the trial in the circuit court.

3. At the time of the application for continuance the cause had already been pending two years in the circuit court. The showing made on the application for the continuance did not indicate when the absent witness would return from France or when his testimony could be procured. The matter having been pending for so long a time should not have been continued by the circuit court except for very cogent reasons and a persuasive showing that justice would miscarry unless the continuance be granted. This did not appear. In fact, no statement was made as to what evidence Mr. Devos was expected to give that was not given by him upon the hearing in county court, in which respect Circuit Court Rule XIX was not complied with.

4. Circuit Court Rule XIX requires an application for continuance to be based upon an affidavit by the party or some person who knows the facts, setting forth specifically the facts upon which the motion is founded. No such affidavit was filed in this case. Upon the hearing of the motion one of the attorneys for the proponent was sworn in open court. The testimony given by him appears in the record over the certificate of the court reporter. It is not even signed by him. We know of no rule or statute constituting testimony, given upon a motion of this kind, a part of the record upon the mere certificate of the court reporter. A doubt was expressed by this court in *Sweet v. Modern Woodmen,* 169 Wis. 462, 172 N. W. 143, as to the

propriety of receiving oral testimony upon the hearing of an ordinary motion, and one of the objections to such procedure is that there seems to be no way provided by which the testimony so given may be made a part of the record so that it can be reviewed upon appeal. However, we again reserve the question, preferring to withhold a definite decision thereof until it shall be necessarily involved and we have had the benefit of full argument thereon. Treating the record as properly before us, we think that the trial court rightly disposed of the motion for continuance upon its merits.

We are asked to order the costs and attorney's fees of the proponent upon this appeal to be paid out of the estate. "The established rule is, where the contestant of a will has acted in good faith in taking an appeal to this court, and the questions of law or fact involved are worthy of consideration, to order the costs taxed against such contestant paid out of the estate." *Jones v. Roberts,* 96 Wis. 427, 433, 70 N. W. 685, 71 N. W. 883; *Davis v. Davis,* 132 Wis. 54, 111 N. W. 503, 1129; *Will of Bierke,* 132 Wis. 165, 111 N. W. 1128. The same discretion is vested in this court with reference to attorney's fees by sec. 4041*b,* Stats. We do not think the discretion should be exercised, however, where the judgment or order appealed from was so clearly right as in this case.

*By the Court.*—Judgment affirmed.