DRUSKA, by guardian *ad litem,* Respondent, vs. WESTERN
WISCONSIN TELEPHONE COMPANY, Appellant.

*June 6—July 8, 1922.*

Highways: Obstruction: Telephone pole near traveled track: Neg-
    ligence of driver of automobile: Proximate cause: Imputed
    negligence: Excessive damages: Continuance: Discretion of
    court.

1. Where a complaint was amended on the trial by correcting a
   manifest mistake as to the date of an accident and by chang-
   ing an averment as to the place thereof, the refusal to grant
   a continuance because of such amendments was not an abuse
   of discretion, where counsel, who was also president of the
   defendant corporation, refused to state positively that he
   could not safely proceed to trial, but admitted that after
   service of the summons and complaint he went to the precise
   scene of the accident and took pictures, and that he knew
   from hearsay the date on which the accident occurred and
   that he could have learned it definitely.
2. An application for continuance is always addressed to the
   sound discretion of the trial court, and prejudice must be
   made to appear in order to set aside its rulings thereon.
3. A telephone pole located from eleven to twelve inches outside
   of the traveled track of a highway on an elevation from six
   to eight inches above the traveled track and over four feet
   from the nearest limits of the highway may be found to
   interfere with the use of the highway even though the
   traveled portion at that point was about fourteen feet wide.
4. Where it appears that, through a slight inattention of the driver
   of an automobile while driving on a highway, caused either
   by the slipping of some dishes in the car or by his momentary
   attention to plaintiff, who was riding in the car, the car
   suddenly swerved from the beaten track of the highway and
   came in contact with a telephone pole which was about twelve
   inches outside of the traveled track, the jury were warranted
   in finding that the location of the pole was the proximate
   cause of the plaintiff's injury.
5. Negligence on the part of the driver of the automobile in which
   plaintiff was riding as a guest is no defense to an action by
   the plaintiff. *Reiter v. Grober,* 173 Wis. 493, followed.
6. A verdict of $3,000 was not excessive where the evidence
   disclosed that plaintiff, a healthy, comely girl of nine years,
   sustained severe cuts and bruises about her head and neck,

one cut severing the external jugular vein; that she suffered acute pain for a period of five weeks; and that in addition to unsightly scars she will be permanently afflicted with an impediment in her speech and a drooping condition of her mouth.

APPEAL from a judgment of the county court of Trempealeau county: E. F. HENSEL, Judge. *Affirmed.*

Action to recover damages for personal injuries sustained by the plaintiff, an infant, while riding as a guest in an automobile, driven by one Dubravec, which collided with defendant's telephone pole set near the traveled track of a highway.

The jury found (1) that the telephone pole was so set up as to interfere with the use of the highway by the public, or to obstruct or incommode the use thereof by the public; (2) that the position of the telephone pole with reference to the traveled track of the highway was the proximate cause of plaintiff's injuries; and (3) damages in the sum of $3,000.

From a judgment in favor of plaintiff entered upon the verdict the defendant appealed.

For the appellant there was a brief by *Gaveney & Barlow* of Arcadia, and oral argument by *John C. Gaveney.*

For the respondent there was a brief by *Frank E. Hebert* of Arcadia and *Cowie & Hale* of La Crosse, and oral argument by *R. S. Cowie.*

VINJE, C. J.    The summons and complaint were served August 8, 1921, and the complaint alleged the accident occurred on the 26th day of August, 1921. On the trial the court allowed the complaint to be amended by alleging the 28th day of July, 1921, to be the time of the accident and by changing the place thereof from about 100 feet west of a designated point to about 300 feet west therefrom. The defendant assigns error because the court refused a continuance on account of the amendments. That a wrong date

was alleged was apparent. The trial began September 15, 1921. Before acting upon the motion for a continuance the court ascertained from defendant's attorney, who was also president of the defendant, among other things, that immediately after the service of the summons and complaint he went to the precise pole in question and had a picture taken of it and knew from hearsay that the accident occurred July 28th, and could have learned it definitely by asking plaintiff, who lived near by; and he declined to state positively that he could not safely proceed to trial. Under such circumstances there was no abuse of discretion in refusing a continuance. Such an application is always addressed to the sound discretion of the trial court, and prejudice must be made to appear in order to set aside its ruling thereon. *State ex rel. Hallam v. Lally,* 134 Wis. 253, 114 N. W. 447.

A telephone pole located from eleven to twelve inches outside of a traveled track of a highway on an elevation of from six to eight inches above the traveled track and over four feet from the nearest limits of the highway may properly be found by a jury to interfere with the use of the highway by the public even though the traveled portion of the highway at that point was about fourteen feet wide. *Carpenter v. Rolling,* 107 Wis. 559, 83 N. W. 953; *Neale v. State,* 138 Wis. 484, 120 N. W. 345. It appears that through a slight inattention of the driver, caused either by the slipping of some dishes in the car or by his momentary attention to the plaintiff, the car suddenly swerved from the beaten track and came in contact with the pole. Under such circumstances the jury were warranted in finding that the location of the pole was the proximate cause of plaintiff's injury. Any negligence on the part of the driver would not be a defense. *Reiter v. Grober,* 173 Wis. 493, 181 N. W. 739.

The jury awarded plaintiff $3,000. It is claimed the damages are excessive. The evidence would sustain a find-

ing that her injuries were as described by her counsel as follows:

"The plaintiff was a young and comely girl of nine years who, up to the time of the injury, had had uniformly good health. As a result of this injury she sustained a cut two inches in length and one and one-half inches deep, starting at the lower left side of the jaw and extending back to the base of the ear. In addition she sustained other cuts and bruises on her face, the one on her temple necessitating sewing and leaving a scar. The largest gash, under the chin, was hurriedly sewed by the doctor, as he believed the patient had already died from the loss of blood pouring out of that wound and he wanted it closed as soon as possible. The gash had not entered directly into the neck, but extended back toward the ear with its deepest part under the ear. The cut had severed the external jugular vein and the muscles which move the head. The plaintiff lay for five days as though dead and then recovered slowly, till at the end of five weeks she was able to be out of bed. During that time she suffered acute pain and was unable to eat properly or move her head normally. At the time of the trial she still had an impediment in the movements of her head; there was a broad, bright red scar extending entirely along one side of her neck, the injury to the muscles had caused one side of her mouth to droop, and when talking she was compelled to talk from the side of her mouth, as the muscles did not open her lower jaw evenly. In the opinion of experts this condition of her neck, the scar, the impediment in her speech, and the drooping condition of her mouth would be permanent."

Such evidence, in our opinion, sustains the verdict as to damages.

*By the Court.*—Judgment affirmed.