Estate of Hatten: Dick, Claimant, Appellant, vs. First Wisconsin Trust Company, Administrator, Respondent.

*September 13, 1939—January 16, 1940.*

For the appellant there were briefs by *Browne & Browne* of Waupaca and *Harsh, Harsh & Harsh* of Memphis, Tennessee, and oral argument by *E. E. Browne*.

For the respondent there was a brief by *Miller, Mack & Fairchild* of Milwaukee and *Brazeau & Graves* of Wisconsin Rapids, and oral argument by *J. Gilbert Hardgrove* of Milwaukee, and *R. B. Graves*.

FAIRCHILD, J.   The occasions of presenting the question now raised are comparatively few.   As a general rule motions for continuance pass off upon affidavits when circumstances are shown which prevent a party from completing his preparation for trial or that a witness has failed to appear. The party swears he cannot safely go to trial because of such good reason and a postponement is granted, the presentation of the reasons overcoming the presumption that the application is made for the mere purpose of delay.

It is true that in every case where a discretionary order in effect denies a party his day in court, the result superficially regarded seems to constitute the doing of a substantial injustice in order to vindicate technical procedural ends.   While such a feeling is natural and always present, it has in actuality no foundation where the trial court was warranted in believing that inadequate reasons were being urged to delay a trial upon the merits.   The delay of justice is to a substantial extent a denial of it; and if the attempt by one to delay, results in depriving him of an opportunity which by conformity to a proper practice might be his, it is a result brought by himself.   Especially is this true where the record indicates lack of evidence to sustain a claim, and there exists reason for believing that the merits do not deserve or will not bear a close judicial scrutiny.

The practice to be followed in bringing on matters for hearing in the county court differs from that in a circuit

court in ways relating to formalities; and applications for continuances must occur at times. But well-defined rules cover the consideration of such procedure. Sec. 253.10 (1), Stats., provides regular terms of county courts, and that matters not disposed of are continued until the next regular term unless otherwise ordered. It is also provided in sec. 313.03 (5) as follows:

*"Hearing; adjournment; prompt judgment.* The hearing on claims or on any claim may be adjourned, when necessary from time to time, and the hearing shall be concluded as soon as practicable."

The discretion of the county judge must be properly exercised when a postponement is sought. A standard of requirements in making a proper case for adjournment may be found in reported cases and by analogy in the statutes regulating such procedure in circuit courts. (See sec. 270.145, Stats.)

A party seeking a continuance ought to show by affidavits that he has a valid cause of action or defense; that the case has been fully and fairly stated to his counsel; that upon the statement thus made he is advised he has a cause of action or defense to the cause of action in whole or in part; that he has used due diligence to prepare for trial, and the nature and kind of diligence used. Where the application rests upon the fact that a witness will be absent, it must appear that no other evidence is at hand or witness is in attendance or known to the applicant whose testimony could have been procured in time and upon which the party can safely rely to prove the facts which he expects and believes can be proved by the absentee; that the party is advised by his counsel and believes that he cannot safely go to trial without such evidence. This contemplates the existence of evidence which may properly be used to establish a cause of action, and that the witness is not absent with consent of the party or by his connivance or procurement. There should of course be a

showing of the effort made to secure the evidence and the facts the absent witness is expected to prove, together with a statement of the grounds of such expectation.

Rulings in matters of this sort, especially when they result in dismissal of claims, may have the aspect if not the characteristics of a penalty, but even so where one knows of the invalidity or has reason to doubt the validity of his claim and because of this seeks to escape defending rather than to maintain his cause so as to delay a recovery upon the claim of another, the detriment he suffers is not disproportionate to his offense. The justification of the exercising of the severe ruling lies in thus compelling timely submission to trial. When the circumstances made to appear upon a motion to continue satisfy the court that the real purpose in moving for a continuance is to delay rather than prepare for trial, then the motion should be denied, and the refusal of the mover to proceed would bring its own consequences. *Hewitt v. Commonwealth,* 17 Grat. 627, 58 Va. 627; *Schamper v. Ullrich,* 131 Wis. 524, 111 N. W. 691. There would be embarrassing delays if the rule were otherwise and the trial court were not permitted to exercise a liberal discretion in ruling upon dilatory motions. Although the discretion is not arbitrary and is controlled by principles calculated to facilitate the progress of litigation and to promote the ends of justice, where there has been laches or there is reason to suspect that the object is delay, the postponement is not a matter of right, and the court is then to take into consideration all the circumstances and grant or deny the application in the exercise of a sound discretion. "Such an application is always addressed to the sound discretion of the trial court, and prejudice must be made to appear in order to set aside its ruling thereon." *Druska v. Western Wis. Tel. Co.* 177 Wis. 621, 623, 189 N. W. 152; *People v. Vermilyea,* 7 Cow. (N. Y.) 369; *Worsley v. Bisset,* 3 Doug. 58; *Brooklyn Oil Works v. Brown,* 7 Abb. Prac. (N. S.) 382, 38 How. Prac. 451; *State*

*ex rel. Hallam v. Lally,* 134 Wis. 253, 114 N. W. 447; *Miller v. State,* 139 Wis. 57, 119 N. W. 850; *Will of Bilty,* 171 Wis. 20, 176 N. W. 220; *Schamper v. Ullrich, supra.*

The appellant desired to delay the trial which had been set for October 26, 1938, until in the spring of 1939. He gave as reasons for the long postponement, first, that he was unable to prepare for trial because of lack of time and later that he suffered ill-health. The application for continuance was opposed. The respondent offered counteraffidavits bearing upon the health of the appellant, and submitted the record, including appellant's examination under the discovery statute, from which it appeared that appellant's case depended upon the existence of a contract between him and Hatten under which Hatten took possession of and agreed to assume the debts of the Tallahatchie Lumber Company and undertook to pay appellant a salary of $7,500 per year as agent. It also appears from that examination that the alleged agreement rested in parol and that there were no witnesses to its making or its existence. The affidavits submitted failed to comply with the rules. The trial court was compelled to find a failure with respect to statements of the validity of the claim against the estate. There was no affirmation that the case had been fully and fairly stated to counsel. The affidavit of October 26th stated that the appellant had a valid and substantial defense to counterclaims interposed by the administrator, but was silent on the matter of a valid claim against the estate. A partial compliance with a rule fixing an essential condition to the granting of a continuance is not a compliance with it, and when such a failure is accompanied by circumstances disclosing a purpose to delay, there is a call for a scrutinizing examination by the court of all the affidavits and circumstances put forth to secure postponement of a trial.

Good faith must characterize the application. Here the plaintiff insisted that because of lack of time and want of ac-

cess to books and records of the company in which he and Hatten were interested he had been unable to prepare his case for trial and that he was entitled to further consideration. The books of the Tallahatchie Lumber Company had always been in his possession until January 1, 1938, when he delivered them to the court commissioner in response to a subpœna. They were returned to him subsequently, but while out of his physical possession they were accessible to him and his attorneys if they chose to visit the commissioner's office. It is considered that the trial court was well warranted in ruling against the plaintiff on the point of diligence in preparation. It is a matter of presumption that the plaintiff will be ready for trial at the calling of the cause. It is likely that he is possessed of evidence sufficient to maintain his action if sufficient evidence exists, from the very fact that the action has been commenced by him. This presumption, however, does not preclude a plaintiff from a continuance when actually unprepared for trial, if free from laches. But when it appears that he is guilty of laches in preparing for trial, his want of preparation will not justify the continuance.

In addition to the lack of preparation plaintiff also assigns as a ground for continuance his inability due to illness to be present at the trial. If that condition were sufficiently shown to exist, it would constitute good grounds for postponement; but when there is cause for suspicion that the health of the appellant was not impaired and that the object is delay, and where an investigation into the condition of health discloses that when the appellant was supposed to be too ill to attend court and to be confined to his bed, he was up and around, the court is justified in requiring a minute statement of circumstances and facts on which the application rests. On August 8, 1938, we note that in a letter it was intimated a delay would be necessary because the appellant would be away from home on business during August and

part of September. One of the attorneys for appellant in explaining his failure to answer letters which had been written in August and September on October 3, 1938, advised that he had just returned from the west coast and had been out of town off and on a great deal of the summer. The suggestion of impaired health as a reason for continuance appeared in an affidavit bearing date October 15, 1938, and it is there stated that his years and avoirdupois have resulted in his working under most adverse circumstances, and that a bad cold has "been aggravated by the long hours which he has necessarily put on this case."

The effort of claimant was not convincing. After October 26, 1938, had been fixed as the date of trial this motion for continuance was made and the case was continued until October 31st. On October 31st the case was called for trial and motion for further continuance was then made, whereupon the court set the case for trial November 3d. Shortly after the trial began on November 3d an attorney for the appellant appeared and renewed the application for continuance, filing additional affidavits in support of the motion. The affidavits show a desire for a continuance but failed to convince the trial court that justice required a continuance. The appellant had long since been fully advised that objections existed to his claim. On August 22d the administrator's answer and counterclaims were served. There was then a request for forty days' time to reply. This request was granted. On September 1st there was a telephone conversation between one of the attorneys for the respondent and one for the appellant with reference to the time for trial. During the period from August 23d to October 13th several letters were exchanged, but no indication was given that there would be any request for further continuance. On October 13th, however, appellant's attorneys advised that the investigation necessary to be made of the books and documents which had been returned to the plaintiff would necessitate a continuance, and October 31st was suggested by the attor-

neys for the respondent as a sufficient postponement. As already pointed out, there was no suggestion of the claimant's ill-health advanced as a reason for postponement of the trial until the affidavit bearing the date October 15th and signed by appellant and one of his attorneys was presented October 24th. This was followed by the other affidavits referred to. One signed by a physician October 26th was based on facts made to appear when the appellant himself visited the doctor's office. The physician deposes that he prescribed rest and regular treatment and ordered the appellant to bed. There is evidence that the appellant did not take this advice seriously. As the affidavit is drawn it is capable of creating the impression that the claimant had been in bed for some time, that the doctor had gone to him, and that his prescription of rest and medical treatment had been given considerable time before the date of the affidavit, but this impression would be contrary to the facts as shown. On October 29, 1938, an undated affidavit was filed in which the affiant stated that the appellant had had a cold which had progressively grown worse; that his doctor advised that the trial of the case, necessitating a drastic change in climate, would endanger his life, and advised against his subjecting himself to the northern climate during the fall and winter. That affiant was present in court on October 31st and was asked concerning the date of the affidavit. The reply was: "It was made when I returned from Dr. Colbert's office on October 26th. That is my best recollection. I am satisfied it was the 26th. Question: Was Mr. Dick in his office on that day? Answer: Yes, Mr. Dick went to the doctor's office with me."

Other affidavits describing the claimant as confined to his bed were submitted. These substantially agree in statement with the affidavit referred to, to the effect that on October 31st claimant was suffering from a bad cold and was in such condition as would not justify him in leaving bed, and that any attempt to appear in court would prejudice his health and life. It was shown, however, that on October 28th he

was not confined to his bed. The trial court was justified in his analysis of the efforts made in behalf of appellant's motion for a postponement of the trial and the conclusion reached. There are reasons for the opinion that the condition of the appellant's health was brought into the matter to aid in the effort to secure a continuance which was first based on the ground of lack of preparation and which was not proving effective.

The appellant and Hatten had been associated in business for many years. Hatten died March 30, 1937. The time for filing appellant's claim was extended on his request to November 8, 1937. His claim was filed. He was examined under the discovery statutes on January 10 and 11, 1938. The examination disclosed that the agreement upon which he was relying rested in parol with no witness other than the appellant to the transaction. While an application for continuance is not a motion for judgment on the pleadings or for a summary judgment and the refusal to grant such motion may result in the dismissal of the action; nevertheless, when it appears in the pleading of the party or by his admission under oath that he is without evidence to sustain his claim, there can be no reason for further pursuing the matter. Incompetency of a witness to testify concerning the agreement is a fact which the court under the circumstances of this case could consider in forming his judgment upon the good faith of the motion for a continuance.

The trial court being of the opinion that sufficient reason did not exist for the granting of the continuance, refused to grant it, proceeded with the trial, and rendered the judgment from which the appellant appeals. We cannot say that the conclusion reached below upon the showing there made constituted an abuse of discretion.

While in the appellant's motion for a new trial he asserts that the judgment is contrary to the evidence, there is no serious contention made in the brief or on the argument that

the evidence as offered does not sustain the finding. When the motion for new trial was before the court below, appellant advanced no claim of this sort and let his motion rest upon the failure to grant the continuance. An examination of the record before us leads to the conclusion that the undisputed evidence sustains the findings.

*By the Court.*—Orders and judgment affirmed.

FOWLER and NELSON, JJ., dissent.