ESTATE OF HATTEN: EUTSLER and others, Appellants, vs. FIRST WISCONSIN TRUST COMPANY, Administrator, Respondent.

*September 13, 1939—January 16, 1940.*

270

For the appellants there was a brief by *Browne & Browne* of Waupaca and *Harsh, Harsh & Harsh* of Memphis, Tennessee, and oral argument by *E. E. Browne.*

For the respondent thère was a brief by *Miller, Mack & Fairchild* of Milwaukee and *Brazeau & Graves* of Wisconsin Rapids, and oral argument by *J. Gilbert Hardgrove* of Milwaukee, and *R. B. Graves.*

FAIRCHILD, J.   The question, the answer to which must determine the rights of the claimants on these appeals, is

whether or not the court erred in denying the motions for continuance. As appears from the foregoing statement, the controlling facts on these appeals are substantially the same as those which controlled the ruling in the case of *Estate of Hatten* (*Dick v. First Wisconsin Trust Co.*), *ante,* p. 256, 289 N. W. 630, the appeal in which is decided herewith. In passing upon the motions for continuance in these cases it was impossible on the point of good faith to disassociate them from the procedure followed in the motion made at the same time in the case of Dick against the Trust Company. As a practical matter, when the history of the relations of all the parties to each other and to the Tallahatchie Lumber Company are given their full weight, it is impossible to conclude that these claimants were not fully advised of the intent of Mr. Dick to be absent at the time of trial. It appears from the affidavits and depositions that the litigation of each claimant must revolve about and be influenced by Mr. Dick. On this point of good faith it is proper to consider that neither of the claimants appeared at the trial and that representations that they did not know Dick would be absent could not be accepted as seriously advanced.

We apprehend that this state of affairs was influential in forming the opinion of the court below. There was no sufficient affidavit of merits and nothing was done to show a disposition on the part of the plaintiffs to assist in establishing the merits of the controversy. As said, none of the claimants appeared at the trial; none offered any proof; nor was any attempt made to use the deposition containing the examination of Mr. Dick. Had they been unaware of Dick's intentions not to be present, the offering of themselves as witnesses and submitting to cross-examination might have assisted the court; and if it had then appeared that the testimony of Dick was necessary, an application for an adjournment for the purpose of further examination of Dick might have followed. The representations relied upon for continuance presented a case too superficial to be passed without complete investigation. Here, as in the case of *Estate of Hatten*

274

(*Dick v. First Wisconsin Trust Co.*), *supra,* we cannot say that there was an abuse of discretion by the trial court in ruling as it did.

*By the Court.*—Orders and judgments affirmed.

FOWLER and NELSON, JJ., dissent.