PAGE, Respondent, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellant.

*No. 155. Argued May 5, 1969.—Decided June 3, 1969.*
(Also reported in 168 N. W. 2d 65.)

676

For the appellant there was a brief by *Giffin, Simarski, Goodrich & Brennan*, attorneys, and *James P. Brennan* of counsel, all of Milwaukee, and oral argument by *James P. Brennan*.

For the respondent there was a brief by *Axel, Aaron & Goldman*, attorneys, and *Alan M. Clack* of counsel, all of Milwaukee, and oral argument by *Mr. Clack*.

HEFFERNAN, J. Sec. 270.145, Stats., contains the statutory provisions pertaining to the granting of continuances. That statute provides in part:

"270.145 **Continuances.** (1) Motions for continuances (except from day to day or to some day during the term) shall be made on the first day of the term unless the cause alleged therefor occur or be discovered thereafter. No cause noticed for trial shall be continued without the consent of the parties or cause shown.

" (2) An affidavit for a continuance shall state that the moving party has a valid cause of action or a defense, in whole or in part, and if in part it shall specify what part; that the case has been fully and fairly stated to his counsel, giving the name and place of residence of such counsel, and that upon the statement thus made he is advised by his counsel that he has a cause of action or defense to the cause in whole or in part; and that he has used due diligence to prepare for trial, and the nature and

kind of diligence used. If the application is based on the absence of a witness or document the affidavit shall state the name of the absent witness and his residence, if known, or the nature of any document wanted, and where the same can be found; that no other evidence is at hand or witness is in attendance or known to him whose testimony could have been procured in time, that the party can safely rely upon to prove the facts which he expects and believes can be proved by such absent witness or document; that the party is advised by his counsel, and believes, that he cannot safely go to trial without such evidence, that such witness is not absent by his consent, connivance or procurement, and the endeavors that have been used for the purpose of procuring such evidence; and particularly the facts which the absent document or witness is expected to prove, with the ground of such expectation.

"(3) If the adverse party admits in writing or in open court that the witness, if present, would testify as stated in the affidavit for continuance, the application for a continuance may be denied, and the statement of facts aforesaid may be read as evidence, but the adverse party may controvert such statements, and such statements shall be subject to objection the same as a deposition."

In applying this statute we have concluded that this court may properly review the decision of a trial judge on a motion for continuance. *Ripon v. Diedrich* (1967), 34 Wis. 2d 459, 149 N. W. 2d 580. To grant or not grant a continuance is a matter within the discretion of the trial judge. The trial judge's decision in that respect will be set aside only if there is evidence of an abuse of discretion. *Estate of Hatten* (1940), 233 Wis. 256, 289 N. W. 630; *Tendrup v. State* (1927), 193 Wis. 482, 214 N. W. 356; *Druska v. Western Wisconsin Telephone Co.* (1922), 177 Wis. 621, 189 N. W. 152.

On motions after verdict and in denying the motion for a continuance, Judge ZASTROW pointed out that counsel for the defendant knew the date that this case was going to trial as early as January 24, 1968, and counsel was so advised by the clerk of court. Judge ZASTROW stated:

"It seems to the court that here again counsel for the defendant knew that he was going to trial back in January. Independent medical examination certainly should have been conducted shortly thereafter and it would seem that counsel for the defendant has the obligation to keep in close contact with any doctor that he wishes to use at the time of trial. To grant this motion at the present time certainly would not only disrupt proceedings of this court but certainly would in the court's opinion be prejudicial to the rights of the plaintiff."

The facts also indicate that Judge ZASTROW had been assigned to the circuit court for Racine county on a temporary basis and, had the case been adjourned, the plaintiff would have been denied his trial at the time he was ready and for which he had secured his witnesses. Judge ZASTROW pointed out that he would not be able to resume the handling of the case for at least three weeks and stated that this would work an undue hardship upon the plaintiff. He said that in his judgment the problem arose from lack of diligence on the part of defendant's counsel. The record also indicates that the defendant had earlier sought the continuance for another reason unrelated to the matter urged herein and at that time the defendant was informed of the importance of bringing this case to trial at the time scheduled. We pointed out in the case of *Estate of Hatten* (1940), 233 Wis. 256, 289 N. W. 630, that the discretion of the judge in this respect is a very liberal one and that an application for continuance *is addressed to the sound discretion of the court.* That same case stresses the importance of complying with procedural requirements that are now set forth in sec. 270.145, Stats. This statute requires that the motion for continuance be supported by affidavits which state in detail that the movant has used due diligence in preparation for trial and the nature and kind of diligence used. It does not appear in this case, however, that the trial judge denied the motion of the defendant for failure to comply with these procedural requirements, since he

heard and considered the reasons why the continuance was requested. It should be emphasized, however, that a party to a lawsuit who wishes to continue an action is obligated to follow the requirements of the statute and a trial judge may refuse to entertain the motion in absence of such affidavits. In *Davis & Rankin Building & Mfg. Co. v. Riverside Butter & Cheese Co.* (1893), 84 Wis. 262, 267, 54 N. W. 506, this court said:

"The granting or refusing a continuance is within the discretion of the court, but this discretion may be so injudiciously and unwisely exercised that the refusal to continue an action on grounds clearly sufficient may constitute error."

We see no such abuse of discretion in the instant case. We are satisfied that the trial judge gave careful consideration to the facts as alleged by the defendant and conclude that his determination to deny the motion for a continuance was within his sound discretion, properly exercised in this case, and will not be reversed by this court. *See Will of Bilty* (1920), 171 Wis. 20, 176 N. W. 220; *Hill v. Fond du Lac* (1882), 56 Wis. 242, 14 N. W. 25.

Despite the assertions of the defendant to the contrary, we see no clear evidence that failure of the defendant to produce his absent medical witness resulted in substantial prejudice. While the prejudice that might result from a failure to be able to produce a witness at trial is a factor to be considered by a trial judge in exercising his discretion to continue a trial, that is only one of several factors to be considered, and in view of the trial court's determination that there was a lack of due diligence on the part of defendant, whether or not prejudice in fact resulted from what the trial court determined to be the result of defendant's own conduct, would not warrant a reversal in this appeal. Moreover, as stated above, we see no clear evidence of prejudice.

We so conclude after an examination of the medical report prepared by Dr. C. W. Christensen, the absent witness and who would have been called had the trial been continued until a later time. That medical report was placed in the record as an offer of proof and purports to constitute the substance of the testimony that would have been given by Dr. Christensen. We see no great conflict between the medical testimony elicited from plaintiff's witness, Dr. Shapiro, and the report of Dr. Christensen. The first examination by Dr. Shapiro of the plaintiff Page took place on December 26, 1964, only a few days after the accident. At that examination various objective signs of injury were apparent to Dr. Shapiro, in addition to subjective symptoms of tenderness and restriction of function. Defendant's witness, Dr. Christensen, did not examine the plaintiff until five weeks before the trial. He at that time concluded that there was no objective evidence of any disability. This information, even had it been properly offered at trial, would not have contradicted the testimony of the plaintiff's witness and, in fact, is corroborative of it, for Dr. Shapiro testified on cross-examination that at the last examination no objective signs of the trauma were apparent and only the subjective evidence of pain and tenderness continued, Dr. Shapiro testified that the disability was permanent. It is clear that, even had the testimony of Dr. Christensen been in evidence, the jury could properly have made the findings that it did. It was not obliged to believe the defendant's witness and could have chosen to place the greater credence in the report of Dr. Shapiro, who had been the attending physician for at least a portion of the period of disability. The defendant was not prejudiced by the failure to produce its own medical witness.

On motions after verdict the defendant asked the trial court to apply the rule of *Powers v. Allstate Ins. Co.* (1960), 10 Wis. 2d 78, 102 N. W. 2d 393, and reduce the award to a figure that it did not consider excessive and

offer the plaintiff the choice either of accepting the reduced amount or a new trial on the issue of damages only. This motion was denied. In the oral decision on this motion, the trial judge pointed out that the record contained evidence that the plaintiff suffered injuries as a result of the accident and that there was evidence that the injuries sustained resulted in residual disability that was permanent in nature. The trial judge also stated that he had considered all of the testimony and the medical evidence in reaching the conclusion that the damages were not excessive.

In the ordinary case we would have preferred a more detailed analysis of the evidence which supported the jury's finding. However, due to the defendant's failure to present medical evidence at trial, the testimony on behalf of the plaintiff was substantially undisputed, and under these circumstances the court's review of the damages, though skeletal, is adequate. This court takes the basic position that the amount of damages to be awarded a plaintiff is largely in the discretion of the jury and that an award will be set aside only if so excessive as to evidence that it resulted from passion, prejudice, corruption, or disregard of the evidence or the applicable law. *Ostreng v. Lowrey* (1968), 37 Wis. 2d 556, 560, 155 N. W. 2d 558. The initial determination of the adequacy or excessiveness of a jury award is, of course, to be made by the trial judge on motions after verdict, and it is his obligation to review the evidence to determine whether it supports the verdict as rendered by the jury. As we said in *Springen v. Ager Plumbing & Heating, Inc.* (1963), 19 Wis. 2d 487, 489, 120 N. W. 2d 692, ". . . the evidence must be viewed in the light most favorable to the [jury's] verdict." This standard is to be applied by the trial court and by this court on appeal. On appeal, the finding of the trial judge that the damage verdict is supported by the evidence will be set aside only if there is an evident abuse of discretion. *Moritz v. Allied Amer-*

*ican Mut. Fire Ins. Co.* (1965), 27 Wis. 2d 13, 133 N. W. 2d 235. In the instant case, where the trial court examined the evidence to determine whether there is any credible evidence to support the verdict, we need not examine the evidence *ab initio*, as we did in *Ballard v. Lumbermens Mut. Casualty Co.* (1967), 33 Wis. 2d 601, 148 N. W. 2d 65. Rather, our question is simply whether the trial judge abused his discretion in concluding that the credible evidence supports the verdict.

The plaintiff testified that he was thrown about in the car by the impact, and when he got up he was stunned and dizzy; and, although he was able to drive the car and go to work the next day, he testified that he had pains in his neck, shoulder, and back within twenty-four hours. While the initial symptoms of pain in the neck and shoulder lasted about six weeks, he testified that he has continued to have pains in the low back. There was evidence that he had medical treatment on at least a monthly basis for almost a year, and during the early period of this treatment, there was objective evidence of injury to the left shoulder, left arm, and the lumbar region of the spine. While the defendant has been able to swim and to do some hiking, he has been unable to continue bowling because of back pains. He testified that, as an architect, he was required to do much of his work bending over a drawing board and that work in this position resulted in low back pain and that such back pain was apparent periodically even without any inducing factors. Plaintiff's witness, Dr. Shapiro, testified that the back condition was permanent, that the condition was progressive, and that it would produce continued pain and suffering. On this appeal we are not obligated to determine what this court would have awarded had the question of damages been before us initially. Our only question is to determine whether, in light of this evidence supporting plaintiff's verdict, it was an abuse of discretion for the trial judge to deny the defendant's motion for a reduced verdict and the

invocation of the *Powers rule.* It is clear that there is credible evidence to support the jury's verdict, and it was not an abuse of discretion to deny the defendant's motion.

*By the Court.*—Judgment affirmed.